In the Matter of J. C. PENNEY Co., INC., Petitioner, *v.* RICHARD LEWISOHN, as Finance Administrator of the City of New York, Respondent.

First Department, November 14, 1972.

*Jonathan B. Altschuler* for petitioner.

*Issac C. Donner* of counsel (*Stanley Buchsbaum, Samuel J. Warms* and *Morton Smilow* with him on the brief; *Norman Redlich, Corporation Counsel*), for respondent.

*Charles W. Merritt* of counsel (*Muriel Bell* with him on the brief; *Lord, Day & Lord,* attorneys), for Hotel Association of New York City, Inc., *amicus curiae.*

MURPHY, J. In this proceeding, instituted pursuant to article 78 of the CPLR, and transferred to this court, we are called upon to review a determination by respondent Finance Administrator made on February 10, 1972, after a statutory hearing, assessing the New York City Commercial Rent or Occupancy Tax (Administrative Code of City of New York, ch. 46, tit. L) on certain residential apartments leased by petitioner.*

Petitioner, a well-known corporation which operates retail stores throughout the world, maintains its principal offices in New York City. It is necessary for it to call to this city, from time to time, some of its 125,000 employees for conferences, consultations, and other purposes related to its corporate activities. Since petitioner bears the burden of these traveling expenses (for which it takes income tax deductions) it decided to lease apartments for these employees rather than incur the higher cost of hotel accommodations.

The 19 apartments here in issue were rented under the customary Real Estate Board of New York, Inc. standard form of apartment lease, modified to delete the restriction on occupancy only by tenant and members of his immediate family and to permit use by employees, invitees and guests of petitioner. It appears uncontradicted that these apartments are used solely as living quarters by petitioner's employees; and that no commercial activities are conducted thereat. Nevertheless, respondent imposed the tax on the ground that the premises were " to be used to further the objectives of [petitioner's] business when its employees had to come into New York City in connection with their employment."

---

* Although the assessment covers petitioner's rentals in three separate buildings, we are only concerned with the assessment involving the rental of 19 apartments in a building located at 825 Seventh Avenue, also known as 159 West 53rd Street.

The majority of us disagree with such determination and hold that the tax is not applicable to these premises, even though they were unquestionably leased for business reasons and for commercial advantage. Nor does the fact that petitioner deducts this rental expense in computing its taxable income mandate a different result. It is the use to which the premises are put which determines the applicability of the tax here involved and not whether petitioner may also obtain benefits under other taxing statutes.

The city's Commercial Rent or Occupancy Tax defines " Taxable premises " as: " Any premises in the city occupied, used or intended to be occupied or used for the purpose of carrying on or exercising any trade, business, profession, vocation or commercial activity " (Administrative Code, § L46–1.0, subd. 5).

We find no ambiguity in the statute before us and its words should be construed according to their ordinary meaning and significance. (*Matter of Young* v. *Gerosa,* 11 A D 2d 67.) It clearly discloses an intent to impose a tax on those carrying on commerical activities in leased premises; and not on those using such premises solely as living quarters.

As the Court of Appeals noted in *Ampco Printing-Advertisers' Offset Corp.* v. *City of New York* (14 N Y 2d 11, 23) during the course of its opinion sustaining the constitutionality of this tax: " As indicated above, the tax does not apply to mere ownership or possession. It applies only when the leased premises are used for commercial purposes * * *. It may, it is true, also apply before the tenant actually makes use of the premises *but* it will apply only where he pays rent for premises ' intended to be used or occupied for commercial purposes ' " (emphasis in original).

There was no such taxable use here. Accordingly, the determination of the respondent, insofar as review is sought, should be annulled, on the law, without costs or disbursements.

CAPOZZOLI, J. (dissenting). Pursuant to chapter 257 of the Laws of 1963 the State Legislature gave to the city the power " to adopt and amend local laws imposing in any such city a tax such as the legislature has or would have the power and authority to impose on persons occupying premises in such city for the purpose of carrying on or exercising any trade, business, profession, vocation or commercial activity ". This, in effect, gives to the city legislature the same power as the State Legislature in enacting a local law imposing the tax. (*New York Steam Corp.* v. *City of New York,* 268 N. Y. 137.) Accordingly, the city adopted title L of chapter 46 of the Administrative Code (Local Laws, 1963, No. 38 of City of New York). Subdivision 5 of section

L46–1.0 which defines "taxable premises" states as follows: "Any premises in the city occupied, used or intended to be occupied or used for the purpose of carrying on or exercising any trade, business, profession, vocation or commercial activity, including any premises so used even though it is used solely for the purpose of renting, or granting the right to occupy or use, the same premises in whole or in part to tenants".

The apartments in question are used by petitioner to accommodate its out-of-town employees during their short periods of time when petitioner requires their presence in the city for commercial or business purposes. In fact, the majority concedes that the apartments "were unquestionably leased for business reasons and for commercial advantage".

Assuming an ambiguity in a tax statute, that statute must be strictly construed and doubts resolved in favor of the taxpayer. In this respect I concur in the majority conclusion. However, it must be remembered that: "As a complement to the rule of strict construction, the principle that a tax statute should be interpreted as the ordinary person reading it would interpret it, should prevail (*Matter of Business Statistics Organization* v. *Joseph*, 299 N. Y. 443)". (*Matter of Wien* v. *Murphy*, 28 A D 2d 222, 225–226.)

In considering the meaning of words, the test is that of common understanding. In *Howitt* v. *Street & Smith Pub.* (276 N. Y. 345, 351) the court said: "A tax law should be interpreted as the ordinary person reading it would interpret it."

I submit that the intent of the statute in question is very clear. There is no ambiguity. It is to tax rentals on all property used for business purposes and everybody seems to agree that these apartments were used for such purposes. Certainly, a corporation, as such, does not live in an apartment as does an ordinary human being. It is clear that the apartments were intended to be used by those serving the corporation in the furtherance of the corporation's business. In fact, a rider to the lease has the following language: "For the purposes of this lease, the words 'immediate family of the tenant' shall mean the employees, invitees and guests of tenant."

As is stated in the majority opinion, the petitioner has deducted this rental expense in computing its Federal, State and city income taxes. This is an additional reason for supporting the action of the respondent.

For the reasons above given I conclude that the rents paid for the apartments are subject to the city's Commercial Rent or Occupancy Tax.

STEVENS, P. J., MARKEWICH and KUPFERMAN, JJ., concur with MURPHY, J.; CAPOZZOLI, J., dissents in an opinion.

Determination of the respondent, dated February 10, 1972, annulled, on the law, without costs and without disbursements.