*530 OPINION OF THE COURT
Chief Judge Wachtler.
Petitioner Peat Marwick Main & Co. is a national accounting firm with an office in New York City. From 1974 through 1985, Peat Marwick was a party to a series of three-year agreements with the operator of Madison Square Garden entitling Peat Marwick to the use of a luxury skybox during all events held in the Garden for which tickets were sold to the public.
In 1987, respondent Department of Finance determined that the sums paid by petitioner for use of the skybox were subject to New York City’s commercial rent or occupancy tax and assessed deficiencies against petitioner totaling over $158,000, including interest. Petitioner commenced this article 78 proceeding challenging the determination, arguing that the tax was not applicable and, in the alternative, that imposition of the tax was time barred with respect to certain of the tax years in issue.
Supreme Court granted the petition and annulled the determination, holding that the commercial rent or occupancy tax was not applicable to payments for use of the skybox. The court reasoned that the payments should not be considered "rent” within the meaning of the tax statute but should be viewed instead as the purchase of "admission to an unknown number of events” (139 Misc 2d 1093, 1096). In addition, the court concluded that petitioner’s use of the skybox was not commercial activity subject to the tax.
The Appellate Division reversed and reinstated the Department’s determination, holding that the agreement for the use of the box was a lease, that the box was used for commercial activity and was therefore taxable premises and that, because petitioner had not furnished any information about its use of the skybox on its commercial rent tax returns, the three-year Statute of Limitations contained in the tax statute was not applicable (155 AD2d 239).
We granted petitioner’s motion for leave to appeal and now reverse.
The New York City commercial rent or occupancy tax applies to any "premises in the city occupied, used or intended to be occupied or used for the purpose of carrying on or exercising any trade, business, profession, vocation or commercial activity” (Administrative Code of City of New York § 11-701 [5]). The Department of Finance argues that the skybox *531 constituted taxable premises because petitioner used the facility to entertain clients and employees. In addition, the Department notes that petitioner deducted the payments as business expenses in its Federal tax returns and that one of the agreements with Madison Square Garden called for petitioner to pay the tax if it was applicable.
We agree with petitioner, however, that the provision in the agreement has no bearing on whether the tax should be applicable; it merely allocates the responsibility for the tax as between petitioner and Madison Square Garden if it is applicable — an open question under the agreement. Similarly, petitioner’s deduction of the payments as a business expense for Federal income tax purposes does not require a finding that the premises were used for commercial activity within the meaning of the City’s commercial rent tax statute (Matter of Penney Co. v Lewisohn, 40 AD2d 67, 69, affd 33 NY2d 528).
Furthermore, although petitioner’s use of the facility concededly had a business purpose, that is not enough to bring the premises within the scope of the tax (id.). The skybox was available and was used only during the sports and entertainment events held in the Garden. Admission to those events, with the amenities and conveniences to make their viewing more comfortable, was the essence of the agreements. That petitioner may have chosen its guests for business advantage is not enough to render the premises subject to the commercial rent tax.
While it is true that entertaining business associates, clients or employees would fall within a broad definition of "commercial activity”, that approach would extend the tax to unreasonable lengths; it would, for example, reach the residential apartment where business associates are occasionally entertained. There is no indication in the statute’s language or history that the tax was intended to have such a broad reach.
The distinction between taxable commercial activity and nontaxable social activity with business benefits is not easily drawn, and we make no attempt here to establish a comprehensive standard to govern future cases. It would be inappropriate to do so in the context of the narrow facts presented in this case. At the very least, however, the ordinary meaning of the words used in the statute — "premises * * * occupied or used for the purpose of carrying on or exercising any trade, business, profession, vocation or commercial activity” (Administrative Code § 11-701 [5]) — suggest that the tax was intended *532 to apply to premises where an integral part of a commercial enterprise is carried out.
In light of our conclusion that the premises were not used for commercial activity, we need not reach and express no opinion as to the other issues raised by the parties.
Accordingly, the order of the Appellate Division should be reversed, with costs, and the order and judgment of Supreme Court, New York County, reinstated.
Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order reversed, etc.