Memorandum.
The order of the Appellate Division should be reversed, without costs, the motion to dismiss the complaint granted, and the question certified answered in the negative. Even assuming that an order to show cause with accompanying papers in an action for an injunction may qualify as a verified claim for purposes of subdivision 1 of section 3813 of the Education Law, the papers are nevertheless defective. In the absence of circumstances demonstrating impracticability, the critical element in a verified claim in a contract action is the monetary demand and some suggestion at least on how the sum is arrived at or the damages incurred (23 Carmody-Wait, 2d, New York *510 Practice, § 144:85, compare forms at pp. 364-372). Without such statement adjustment and settlement of the dispute are rendered unlikely. No amount was specified either in the pleadings or affidavits in the injunction action. Although technical defenses in abatement are not favored where prejudice has not resulted, courts may not relieve a litigant of a positive statutory mandate, even to avoid a harsh result (Munroe v. Booth, 305 N. Y. 426, 428). The controlling statute distinguishes between an action and the filing of a claim, and the filing is a precondition to the bringing of an action. It is, therefore, no answer that the action or another action was brought within the time limit for the filing of a claim, and the action papers provide all the requisite detail and more (cf. Matter of Board of Educ. [Heckler Elec. Co.], 7 N Y 2d 476, 483-484).
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel, Jasen and G-ibson concur.
Order reversed, without costs, and case remitted to Special Term for further proceedings in accordance with the memorandum herein. Question certified answered in the negative.