■ CHARLOTTE VOLKMANN, Appellant, v. MEADOWBROOK NATIONAL BANK, Also Known as NATIONAL BANK OF NORTH AMERICA, Respondent.— In a negligence action to recover damages for personal injuries, plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County, dated June 5, 1973, as, upon reconsideration, adhered to the original decision denying her application for a general preference. Order reversed insofar as appealed from, with $20 costs and disbursements, and motion for a general preference granted. In our opinion, the uncontroverted claim of a permanent partial disability could warrant an evaluation in excess of the monetary jurisdiction of the Civil Court of the City of New York and a general preference should have been granted. Gulotta, P. J., Martuscello, Latham, Benjamin and Munder, JJ., concur.

■ A. D. WALKER & Co., INC., Appellant, v. BOARD OF EDUCATION OF CENTRAL SCHOOL DISTRICT NO. 1 OF THE TOWNS OF MOUNT PLEASANT AND NORTH CASTLE, Respondent.— In an action to recover money for extra work performed in building construction, plaintiff appeals from an order of the Supreme Court, Westchester County, dated April 30, 1973, which denied its motion for leave to serve on defendant, *nunc pro tunc* as of January 1, 1973, a written verified claim of $60,392, the amount alleged in the complaint to be owing. Order affirmed, with $20 costs and disbursements and without prejudice to plaintiff's proceeding as indicated hereinbelow. Plaintiff made the motion in question because it had failed to present a timely claim to respondent, that is, within three months after the accrual of the cause of action alleged in the complaint, as required by section 3813 of the Education Law. Thus, prima facie it is barred from proceeding on that cause of action. In our opinion, Special Term properly exercised its discretion in denying the motion. By a prior order of the Special Term, dated January 5, 1973, plaintiff's original complaint was dismissed, with leave to serve a "new complaint". Whether plaintiff in the "new" complaint can plead facts equitably estopping defendant from relying on section 3813 of the Education Law is not before us on this appeal. Thus, this determination is without prejudice to plaintiff's proceeding under the order dated January 5, 1973, or for any other relief which Special Term may grant to plaintiff in extension and clarification of that order (cf. *McCullough* v. *Board of Educ., Ramapo Cent. School Dist. No. 2,* 11 A D 2d 740; General Obligations Law, § 17–103, subd. 4, par. b). Gulotta, P. J., Hopkins, Martuscello, Shapiro and Munder, JJ., concur.