(May 16, 1977)

■ A. D. WALKER & Co., INC., Appellant, v BOARD OF EDUCATION OF CENTRAL SCHOOL DISTRICT No. 1 OF THE TOWNS OF MOUNT PLEASANT AND NORTH CASTLE, Defendant and Third-Party Plaintiff-Respondent. VALRIDGE CONSTRUCTION CORP., Third-Party Defendant-Respondent.—In an action to recover for work, labor and services, plaintiff appeals from an order of the Supreme Court, Westchester County, entered September 25, 1975, which granted the motion of defendant-respondent and the cross motion of the third-party defendant-respondent to dismiss plaintiff's complaint for failure to state a cause of action by reason of its failure to allege the presentation and filing with the defendant of a verified notice of the claim upon which the alleged action therein is founded, prior to the commencement of the action, or within three months of the accrual thereof, pursuant to section 3813 of the Education Law. Order affirmed, with one bill of $50 costs and

disbursements, on the opinion of Mr. Justice Sullivan at Special Term. Rabin, J. P., Shapiro and Hawkins, JJ., concur; Titone, J., dissents and votes to reverse the order and deny the motion and cross motion to dismiss the complaint, with the following memorandum, in which O'Connor, J., concurs. Plaintiff seeks to recover the sum of $60,392 for extra work, labor and services rendered in connection with its performance of a school construction contract, under which it did the heating, ventilating and air conditioning work for an agreed price of $395,010. The extras are alleged to have been caused primarily by unreasonable delays in construction caused by the defendant board of education and the general contractor, the third-party defendant Valridge Construction Corp. The contract work was completed on or about December 27, 1971 and the contract price was paid. Thereafter, however, in September, 1972, plaintiff initiated suit for the extras; the original complaint was served on November 20, 1972. That complaint, however, was the subject of a motion to dismiss on the ground that it failed to contain any allegation with respect to the filing of a claim as required by subdivision 1 of section 3813 of the Education Law, which provides: "No action or special proceeding, for any cause whatever, except as hereinafter provided, relating to district property or claim against the district or involving its rights or interests shall be prosecuted or maintained against any school district, board of education * * * or any officer of a school district, [or] board of education * * * *unless it shall appear by and as an allegation in the complaint* or necessary moving papers *that a written verified claim* upon which such action or special proceeding is founded *was presented to the governing body of said district within three months after the accrual of such claim,* and that the officer or body having the power to adjust or pay said claim has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment" (emphasis supplied). By order dated January 5, 1973 Special Term granted that motion to dismiss, but also granted plaintiff leave to serve an amended complaint, within a specified time, stating: "The opposing affirmation presents sufficient facts to warrant this relief." In lieu of promptly taking up this invitation, plaintiff instituted a special proceeding for leave to serve a verified claim upon the board for the amount of $60,392 *nunc pro tunc.* Special Term denied the application by order dated April 30, 1973. This court, by order dated January 28, 1974, affirmed, stating *(Walker & Co. v Board of Educ.,* 43 AD2d 868): "Plaintiff made the motion in question because it had failed to present a timely claim to respondent, that is, within three months after the accrual of the cause of action alleged in the complaint, as required by section 3813 of the Education Law. Thus, prima facie it is barred from proceeding on that cause of action. In our opinion, Special Term properly exercised its discretion in denying the motion. By a prior order of the Special Term, dated January 5, 1973, plaintiff's original complaint was dismissed, with leave to serve a 'new complaint'. Whether plaintiff in the 'new' complaint can plead facts equitably estopping defendant from relying on section 3813 of the Education Law is not before us on this appeal. Thus, this determination is without prejudice to plaintiff's proceeding under the order dated January 5, 1973, or for any other relief which Special Term may grant to plaintiff in extension and clarification of that order (cf. *McCullough v Board of Educ., Ramapo Cent. School Dist. No. 2,* 11 A D 2d 740; General Obligations Law, § 17-103, subd. 4, par. b)" (emphasis supplied). The original complaint had contained two causes of action, one for the extras and one for the balance due under the original contract. The latter balance was paid in February, 1973. Plaintiff thereupon discontinued the

first action in consideration of that payment, but expressly reserved the right to pursue its claim with respect to the extras. Accordingly, after this court's decision, plaintiff instituted the *present* suit, serving a verified complaint alleging waiver and estoppel—all pursuant to the implicit invitation extended by this court after it had examined the documentation submitted by plaintiff, as contained in the record on appeal. The defendant board and the third-party defendant then moved to dismiss the present complaint for failure to state a cause of action. The board's moving affidavit states: "This motion may be treated as a motion for summary judgment to that effect if the Court in its discretion deems such disposition appropriate." Plaintiff submitted an affidavit (with documentation) opposing the motion to dismiss and adding that "The best that can be said for the defendant is that an issue of fact is created which requires a trial". In my opinion the complaint is sufficient on its face. Further, among the documentation submitted by plaintiff are: (1) A letter from the board to plaintiff, dated January 26, 1970, stating, in pertinent part: "Copies of your letter and your invoice #W-2 in the amount of $4,259.00 and your invoice #W-3 in the amount of $21,337.00, have been referred to both the school district architect, Mr. DiRienzo, and the school board attorney, Mr. Edmund Cox. Your invoice #W-1 dated November 4, 1969, in the amount of $3,727.00 has also been referred to Mr. DiRienzo and Mr. Cox. The Board will act on these claims after receiving advice from their architect and the board attorney." (2) A further letter to plaintiff from the board, dated June 5, 1970, stating: "This acknowledges the receipt of your statement of May 25, 1970, which summarizes your invoices numbers W-1, W-2 and W-3, in the total amount of $29,323. This statement has been referred to Mr. Edmund Cox, the school district attorney, for his advice." (3) A letter to plaintiff from the office of the school district's principal, dated June 30, 1970, stating: "This letter acknowledges receipt of the following invoices: No. W-11 in the amount of $550; W-10 in the amount of $968; W-1 in the amount of $3,727; W-2 in the amount of $4,259; and W-3 in the amount of $21,337. These invoices have been referred to Mr. Edmund Cox, attorney for the Board of Education." (4) A letter to plaintiff from the school district's acting principal, dated August 14, 1970, stating: "This will acknowledge receipt of the *claims* contained in your statement of July 24, 1970, which were occasioned by the default of Valridge Construction Corporation in the performance of its contract with us. We have communicated your *claims* to Valridge Construction Corporation and *will do everything in our power to see that your claims are satisfied*" (emphasis supplied). (5) A written summary, dated May 31, 1972, of seven invoices which had previously been submitted to the board. The itemized invoices bear dates from November 4, 1969 to April 7, 1972 and total $60,392. Further, paragraph 11 of the complaint alleges: "In addition, the minutes of various meetings between defendant, the general contractor, and the sub-contractors involved in the construction of the school from February 1969 to completion also contained notations of warnings of forthcoming claims and charges for work, labor, services and expenses necessitated by delays in construction." There is no competent evidence to show that, prior to the expiration of three months after accrual of plaintiff's claims, the board advised it that the invoice claims were insufficient or improper because they were either insufficiently detailed, unverified, untimely, or otherwise improper in form. Under all of these circumstances, in my opinion, the complaint adequately pleads waiver and estoppel and states a cause of action, and the affidavits present triable issues of fact which preclude the summary judgment requested by defendant (see *Welsh v*

*Gindele & Johnson,* 50 AD2d 971; *McCullough v Board of Educ.,* 11 AD2d 740; see, also, *Walker & Co. v Board of Educ.,* 43 AD2d 868, *supra).* Further, this case is distinguishable from *P. J. Panzeca, Inc. v Board of Educ.* (29 NY2d 508), which was cited by Special Term. Here, insofar as appears from the record, the claims submitted by plaintiff to the board contain the "critical element" noted by the court in *Panzeca* of a "monetary demand and some suggestion at least on how the sum is arrived at or the damages incurred."