*1098 OPINION OF THE COURT
Con. G. Cholakis, J.
By contract dated November 23, 1976, the petitioner hired the respondents to perform certain architectural work. Thereafter, on December 28, 1978, petitioner served respondents with a seven-day notice terminating their services. A meeting was held between the parties and their representatives on January 10, 1979 apparently in an attempt to resolve the conditions under which respondents’ services were to be terminated. On the same day, petitioner’s board of education adopted a resolution immediately terminating respondents’ services.
On the very next day, January 11, 1979, respondents prepared and filed with the petitioner an invoice for fees in the sum of $139,689.32. Following certain correspondence between the parties and/or their representatives, the respondents served a demand for arbitration on March 12, 1979. Petitioner, through its representatives, mailed a notice of petition to stay arbitration to respondents and their attorneys on April 20, 1979. Petitioner’s application to stay arbitration is based upon respondents’ failure to file a notice of claim within three months after accrual of their claim (Education Law, § 3813, subd 1). Thereafter, on April 25, 1979 and presumably after receiving petitioner’s petition, respondents filed a notice of claim.
 The Court of Appeals in Matter of Board of Educ. (Wager Constr. Corp.) (37 NY2d 283, 289) stated that "compliance with section 3813 [of the Education Law] is a condition precedent to arbitration when a claim is lodged against a board of education.” The court continued and held that the claim must be filed within three months of its accrual and that a claim is deemed accrued when a claimant’s damages are ascertainable.
In the present case the respondents filed their final bill with the Kingston City Schools Consolidated the day following their termination. Therefore, except for the possibility that reimbursable expenses directly attributable to termination (§ 8.3 of the contract of employment) may become due in the future, all damages were ascertainable and in fact ascertained as of January 11, 1979.
The arguments of counsel that respondents’ damages were not ascertainable until a later date are accordingly rejected.
*1099 The court must therefore turn its attention to what constitutes a notice of claim. The Education Law does not prescribe the form which the claim is to take, other than it must be verified, and neither party has alleged that the petitioner has prescribed a form to be followed by claimants.
The Court of Appeals in Matter of Baker (Board of Educ.) (309 NY 551) stated that it found no rigid requirements imposed by statute in the form which claims must take. It further stated (p 557) "according to the weight of authority, all that is required is a substantial compliance with the statute * * * sufficient to fully apprise the board of the notice of the claim asserted against it.” In a later case the court stated: "In the absence of circumstances demonstrating impractibility, the critical element in a verified claim in a contract action is the monetary demand and some suggestion at least on how the sum is arrived at or the damages incurred”. (P. J. Panzeca, Inc. v Board of Educ., 29 NY2d 508, 509.)
The bill submitted by the respondents on January 11, 1979 contains an itemization, in great detail, of its claim and the manner by which it was computed. In fact, the bill contains greater detail than the purported notice of claim filed some months later. There can be no doubt that the bill fully and adequately informed the petitioner of respondents’ claim. It is conceded that the petitioner thereafter requested amplification of some items contained in the bill and that discussions and correspondence, concerning respondents’ claim were ongoing between the parties and their representatives until March 1, 1979 at which time petitioner stated that the bill would not be paid.
The bill presented fulfilled all requirements of a claim, save one, and appears to have been accepted by the petitioner as such. The lone requirement which is missing is that of verification. In a proper case, the court can even allow the late verification of a claim if no prejudice will thereby occur. (McCullough v Board of Educ., 11 AD2d 740; Boutelle v Central School Dist. No. 1, 2 AD2d 925.)
The court does not find that the petitioner would be prejudiced in any way by treating the January 11, 1979 bill as a notice of claim. Conversely the court finds that respondents would be greatly prejudiced by its failure to do so.
The peculiar facts of this case, filing of a detailed and itemized bill, acceptance of same, request for amplification, negotiations, refusal to pay, demand for arbitration, request of *1100 an adjournment to answer the demand for arbitration, all compel this court to conclude the document of January 11, 1979 is a notice of claim and that the respndents are hereby given permission to verify the notice nunc pro tunc.
Petitioner’s request that arbitration be stayed is hereby denied and respondents’ request that the petition be dismissed is granted except that claim number two in the demand for arbitration (termination expenses pursuant to paragraphs 8.2 and 8.3 of article 8 of contract) is hereby stricken. There has been no showing that those expenses, if any exist, have ever been presented to the petitioner.