■ In the Matter of KINGSTON CITY SCHOOLS CONSOLIDATED, Appellant, v WILLIAM A. SHERADEN et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered July 26, 1979 in Ulster County, which denied petitioner's application to stay arbitration. On November 23,

1976, petitioner and respondents entered into a contract whereby respondents were to perform certain architectural work in connection with the renovation of the Kingston High School. On December 28, 1978, petitioner served respondents with a seven-day notice terminating their services. At the request of respondents, a meeting was held on January 10, 1979 to discuss the termination. On the same day, the board of education adopted a resolution immediately terminating respondents' contract. A copy of the resolution was served on respondents on January 11, 1979. On the same day, respondents prepared and served an unverified bill or invoice detailing the fees claimed to be due them in the sum of $139,689.32. On January 23, 1979, petitioner addressed a letter to respondents acknowledging receipt of the invoice and requesting more detailed particulars of their claim as to items Nos. 3, 4 and 5, in order that the board might consider it further. After an exchange of letters, respondents were notified by letter dated March 1, 1979 that "there is no intention on the part of the Board at this time to pay the bills". On March 12, 1979, respondents served a demand for arbitration upon petitioner. Petitioner's attorney, by letter dated March 23, 1979, requested an extension of 30 days to answer, and prepare a counterclaim. Petitioner's rights to move to stay arbitration, if it should be so decided that sufficient grounds exist, were reserved. On April 20, 1979, petitioner served a notice of petition to stay arbitration, asserting that respondents had failed to comply with subdivision 1 of section 3813 of the Education Law, which provides that no action or special proceeding may be brought against a school district "unless it shall appear * * * that a written verified claim * * * was presented to the governing body of said district or school within three months after the accrual of such claim". On April 25, 1979, respondents served a verified notice of claim on petitioner. Special Term determined that the bill submitted on January 11, 1979, contained an itemization, in great detail, of respondents' claim and the manner in which it was computed, which fully and adequately informed petitioner of respondents' claim and that the bill fulfilled all the requirements of a notice of claim, except for the requirement of a verification. Special Term also found that petitioner would not be prejudiced in any way by treating the January 11, 1979 bill as a notice of claim, but respondents would be greatly prejudiced by a failure to do so. Respondents were given permission to verify the bill *nunc pro tunc* and the petition to stay arbitration was dismissed. Petitioner contends that the January 11, 1979 bill is not a notice of claim and the demand for arbitration must be stayed as a matter of law for failure to comply with the provisions of section 3813 of the Education Law. "In the absence of circumstances demonstrating impracticability, the critical element in a verified claim in a contract action is the monetary demand and some suggestion at least on how the sum is arrived at or the damages incurred". *(P. J. Panzeca, Inc. v Board of Educ.,* 29 NY2d 508, 509.) "The purpose of section 3813 of the Education Law is to give a school district prompt notice of claims 'so that investigation may be made before it is too late for investigation to be efficient' " *(Matter of Board of Educ. [Wager Constr. Corp.],* 37 NY2d 283, 289). The bill of January 11, 1979 provided the critical element of the claim and also satisfied the purpose of prompt notice. "The court has power to permit the claim to be amended by supplying the omitted verification thereof *(Boutelle v. Central School Dist. No. 1,* 2 A D 2d 925)." *(McCullough v Board of Educ.,* 11 AD2d 740.) Under the circumstances, retention of the bill and request for further particulars and detailing of portions thereof, timeliness, and lack of prejudice, permission to amend *nunc pro tunc* was properly granted. The judgment appealed from

should, therefore, be affirmed. Judgment affirmed, without costs. Greenblott, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur. [99 Misc 2d 1097.]