NIAGARA MOHAWK POWER CORPORATION, Respondent-Appellant, v CITY SCHOOL DISTRICT OF THE CITY OF TROY, Appellant-Respondent.

Third Department, July 22, 1982

### APPEARANCES OF COUNSEL

*Martin, Noonan, Hislop, Troue & Shudt* (*Thomas J. O'Connor* of counsel), for appellant-respondent.

*Jaeckle, Fleischmann & Mugel* (*David J. Calverley, Adelbert Fleischmann* and *Philip H. McIntyre* of counsel), for respondent-appellant.

*McGivern, Shaw & O'Connor* (*Harvey Mandelkern* and *Robert J. Rader* of counsel), for New York State School Boards Association, Inc., *amicus curiae.*

### OPINION OF THE COURT

MAIN, J.

Plaintiff Niagara Mohawk Power Corporation (hereafter Niagara Mohawk) commenced this action on June 23, 1980 seeking refund of portions of real estate taxes for the years 1974-1975 through 1977-1978 which it avers were paid

under protest and alleging that portions of the taxes levied and collected by the City of Troy (hereafter city) were in excess of the constitutional limitation on real property taxes and thus were illegally imposed and collected. In response, and before answering, the city moved to dismiss the complaint pursuant to CPLR 3211 (subd [a]) on the ground that Niagara Mohawk had failed to present a written verified claim to the governing body of the school district as provided in subdivision 1 of section 3813 of the Education Law (hereafter subdivision 1). Special Term, in denying the motion, held that the letters of protest accompanying the payments constituted substantial compliance with subdivision 1 and, although this relief was not formally sought by Niagara Mohawk, granted leave to verify the protest letters *nunc pro tunc*. The city has appealed and Niagara Mohawk has cross-appealed from that portion of the order which held that subdivision 1 requires that a notice of claim be filed as a condition precedent to the commencement of an action to recover taxes allegedly unlawfully imposed and paid under protest.

We disagree with Special Term in its finding that subdivision 1 is applicable. From *Hurd v City of Buffalo* (34 NY2d 628, affg 41 AD2d 402) came a message strong and clear, i.e., local subdivisions were put on notice that patent circumvention of constitutional limitations on their taxing powers would not be tolerated. Despite the admonition of *Hurd* of which it was aware, the city proceeded to enact legislation which was legally indistinguishable from that in *Hurd* and almost identical with the legislation ultimately and emphatically struck down by *Bethlehem Steel Corp. v Board of Educ.* (44 NY2d 831, app dsmd *sub nom. City of Rochester v Waldert,* 439 US 922) wherein the Court of Appeals found the measures to be a palpable evasion of constitutional provisions. Nonetheless, the city seeks to retain these moneys generated by this faulty legislation upon the ground that Niagara Mohawk failed to comply with subdivision 1. In our view, subdivision 1, under the circumstances presented, is inapplicable for the reason that when a tax statute is alleged to be unconstitutional, by its terms or application, or where the statute is attacked as wholly inapplicable, it may be challenged in judicial

proceedings other than those prescribed by the statute as "exclusive"; the invalidity or inapplicability affects the entire statute, including the limitations and restrictions provided in it (*Matter of First Nat. City Bank v City of New York Fin. Admin.*, 36 NY2d 87, 92).

Moreover, even if the section were otherwise applicable, a supposition of highly doubtful validity, where, as here, one of the purposes of the action is to seek vindication of a public interest, compliance with subdivision 1 is not required and this is so even though benefits of the proceeding will inure to the benefit of the party bringing the lawsuit as well as to other parties (*Union Free School Dist. No. 6 of Towns of Islip & Smithtown v New York State Human Rights Appeal Bd.*, 35 NY2d 371, 379-380). While conceding that the legislation herein is identical to that presented in *Bethlehem Steel Corp. v Board of Educ.* (*supra*) and that the public interest is involved, the city contends that once the illegality has been established in an action the public interest vanishes as to any subsequent action. No sound authority is advanced for this contention. The city's assertion that *Board of Educ. v New York State Div. of Human Rights* (*Arluck*) (44 NY2d 902, 904) is supportive of this contention is erroneous for that case speaks of " 'only enforcement of private rights' " as opposed to " 'vindicat[ion] [of] a public interest' ".

In a case involving this same defendant and which, like this case, was an action which attacked the very jurisdiction of the taxing authorities, this court held that it was not necessary for the plaintiff to present a verified claim pursuant to subdivision 1 (see *Troy Towers Redevelopment Co. v City of Troy*, 51 AD2d 173). Finally, we note that the letters of protest effectively afforded the city notice and opportunity for settlement and adjustment of the issues in substantially the same manner and degree as would the verified claim provided in subdivision 1.

The order should be modified, on the law, by striking the first decretal paragraph thereof which permitted plaintiff to verify the letters of protest *nunc pro tunc,* and, as so modified, affirmed, with costs.

WEISS, J. (dissenting). I respectfully dissent and would modify the determination of Special Term which, although

agreeing that section 3813 of the Education Law requires a notice of claim in an action to recover taxes paid under protest (citing *Rynders v City School Dist. of City of Geneva,* 78 AD2d 1021), held that letters of protest accompanying only two of the eight payments at issue substantially complied with the statute and permitted the two letters to be verified *nunc pro tunc.* This statutory requirement is a condition precedent to the commencement of any action to recover upon a private right (*Board of Educ. v New York State Div. of Human Rights [Arluck],* 44 NY2d 902, 904) as opposed to an action seeking the vindication of a public interest (see *Union Free School Dist. No. 6 of Towns of Islip & Smithtown v New York State Human Rights Appeal Bd.,* 35 NY2d 371, 379-380). Plaintiff's claim cannot be viewed as being within the public interest framework since the legislation in question had already been declared unconstitutional, prior to the commencement of this action, in *Bethlehem Steel Corp. v Board of Educ.* (44 NY2d 831, app dsmd *sub nom. City of Rochester v Waldert,* 439 US 922; see, also, *Hurd v City of Buffalo,* 34 NY2d 628, affg 41 AD2d 402). The statutory authority for taxing in excess of the constitutional limitations of section 10 of article VIII of the New York State Constitution having thus been declared void, all subsequent actions predicated upon such illegality become lawsuits to enforce private rights, for which compliance with section 3813 of the Education Law is a prerequisite (*Board of Educ. v New York State Div. of Human Rights [Arluck],* 44 NY2d 902, *supra*).

Having held that notices of claim were required, to be next considered is whether Special Term correctly found that plaintiff had substantially complied and permitted verification *nunc pro tunc.* Plaintiff has sued to recover portions of 16 separate checks in payment of taxes. Of this number, 10 checks neither bore a legend of protest nor were enclosed in a covering letter of protest. As to these payments, there can be no recovery since a claim filed before accrual of a cause of action is insufficient (*Doundoulakis v Town of Hempstead,* 42 NY2d 440, 452; *Colena v City of New York,* 68 AD2d 898, 900).

Moreover, leave to amend the letters as purported notices of claim by permitting verification *nunc pro tunc*

could only have been granted if an application for such relief was made within the general limitation period for commencing an action thereon (*Hines v City of Buffalo,* 79 AD2d 218, 225). The only indication of any request for such relief appears in an attorney's affidavit opposing defendant's motion to dismiss made October 8, 1980, some six years after the date of the first payment and over two years after the last unprotested payment. Each cause of action accrued when plaintiff's damages were ascertainable (*Matter of Board of Educ.* [*Wager Constr. Corp.*], 37 NY2d 283; *Amsterdam Wrecking & Salvage Co. v Greater Amsterdam School Dist.,* 83 AD2d 654). Accordingly, there can be no recovery of any portion of the taxes paid by each of the two checks dated July 30, 1975, January 29, 1976, January 28, 1977, July 29, 1977 and January 30, 1978.

Nor were either of the two letters dated July 31, 1974 and July 30, 1976, or the two checks sent without covering letters dated January 31, 1975 bearing the legend "paid under protest", sufficient to constitute claims. This court has noted that, " '[i]n the absence of circumstances demonstrating impracticability, the critical element in a verified claim in a contract action is the monetary demand and some suggestion at least on how the sum is arrived at or the damages incurred' " (*Matter of Kingston City Schools Cons. v Sheraden,* 76 AD2d 993, 994, quoting *P. J. Panzeca, Inc. v Board of Educ.,* 29 NY2d 508, 509). The letters are devoid of this requirement. "[C]ourts may not relieve a litigant of a positive statutory mandate, even to avoid a harsh result" (*P. J. Panzeca, Inc. v Board of Educ., supra,* p 510). Nor is it sufficient that the papers upon which an action was commenced within the time limit for the filing of a claim provided all the requisite detail and more (*supra*).

Neither waiver nor estoppel may be asserted against defendant for its failure to respond or reply to the letters of protest. "[W]here the Legislature has declared that, as a prerequisite to sue, a particular form of notice shall be conveyed with particular details to particular public officers, the courts lack the power to substitute something else" (*Camarella v East Irondequoit Cent. School Bd.,* 34 NY2d 139, 142; see, also, *Public Improvements v Board of*

*Educ.* [*P. S. 72, Bronx*], 81 AD2d 537). Claims asserted against the board of education must satisfy the requirements of section 3813 of the Education Law (*Crescent Elec. Installation Corp. v Board of Educ.,* 50 NY2d 780).

The complaint should have been dismissed.

KANE, J. P., MIKOLL and LEVINE, JJ., concur with MAIN, J.; WEISS, J., dissents in a separate opinion.

Order modified, on the law, by striking the first decretal paragraph thereof which permitted plaintiff to verify the letters of protest *nunc pro tunc,* and, as so modified, affirmed, with costs.