■ Two Twenty East Limited Partnership et al., Respondents, v New York State Department of Taxation and Finance et al., Appellants, et al., Defendants.—Order, Supreme Court, New York County (Leland DeGrasse, J.), entered September 16, 1991, which, *inter alia,* granted plaintiffs' motion for a preliminary injunction tolling during the pendency of this action, the 90-day Statute of Limitations period set forth in Tax Law § 1138 (a) (1) for taking an administrative appeal from the challenged Statement of Proposed Audit Adjustment ("SPAA"), unanimously affirmed, without costs.

Since plaintiffs challenge the applicability and/or constitutionality of Tax Law § 1105 (b), and not merely the amount of an assessment, declaratory relief is appropriate. The fact that an SPAA is not an actual assessment does not render the instant controversy unripe for review. Indeed, as the IAS court aptly noted, declaratory relief seeks to adjudicate rights before a " 'wrong' " occurs *(Klostermann v Cuomo,* 61 NY2d 525, 538). Moreover, since this controversy concerns the applicability and/or constitutionality of a tax statute, plaintiffs were not obligated to exhaust their administrative remedies before instituting the action *(see, Allstate Ins. Co. v Tax Commn.,* 115 AD2d 831, 834, *affd* 67 NY2d 999). Finally, the IAS court properly granted plaintiffs a preliminary injunction tolling the 90-day Statute of Limitations period in which to administratively challenge a tax assessment *(see, Tully v Griffin, Inc.,* 429 US 68). Concur—Sullivan, J. P., Milonas, Rosenberger, Ellerin and Kassal, JJ.