[610 NYS2d 625]

COMPASS ADJUSTERS AND INVESTIGATORS, INC., et al., Respondents, v COMMISSIONER OF TAXATION AND FINANCE OF THE STATE OF NEW YORK, Appellant.

Third Department, April 14, 1994

**APPEARANCES OF COUNSEL**

*G. Oliver Koppell, Attorney-General,* Albany *(Daniel Smirlock* and *Nancy A. Spiegel* of counsel), for appellant.

*Dreyer, Boyajian & Tuttle,* Albany *(Christopher M. Scaringe* of counsel), for respondents.

## OPINION OF THE COURT

CASEY, J.

At issue on this appeal is whether Supreme Court erred in granting judgment in favor of plaintiffs declaring that the services provided by plaintiffs as licensed independent adjusters are not protective and detective services subject to the sales and use tax imposed by Tax Law § 1105 (c) (8) (added by L 1990, ch 190, § 173). We answer the question in the negative and affirm Supreme Court's order.

Plaintiffs are licensed as independent adjusters pursuant to Insurance Law article 21 and also licensed as private investigators pursuant to General Business Law article 7. After Tax Law § 1105 was amended to include protective and detective services among those services subject to the sales and use tax, plaintiffs requested that the Department of Taxation and Finance provide a legal opinion as to whether the services provided by plaintiffs as independent insurance adjusting companies handling automobile, property appraisals and casualty insurance claims were subject to the sales and use tax. The Department responded with a letter which concluded that the services performed by plaintiffs are investigative services subject to the sales and use tax and stated that plaintiffs were required to collect sales taxes on the fees paid for such services. Plaintiffs thereafter commenced this declaratory judgment action, seeking a declaration that the services they perform as licensed independent adjusters are not subject to the sales and use tax imposed by Tax Law § 1105 (c) (8). The parties cross-moved for summary judgment and Supreme Court granted plaintiffs the declaratory relief requested in their complaint, resulting in this appeal by defendant.

Defendant contends that plaintiffs' declaratory judgment action should have been dismissed for failure to exhaust administrative remedies, but it is well established that, in the absence of factual issues, a declaratory judgment action is an appropriate remedy to challenge the validity or application of a particular statute without exhausting administrative remedies (see, Dun & Bradstreet v City of New York, 276 NY 198, 206; Two Twenty E. Ltd. Partnership v New York State Dept. of Taxation & Fin., 185 AD2d 202; Westwood Pharms. v Chu, 164 AD2d 462, 467, lv denied 77 NY2d 807). Defendant recently advanced the same argument in Debevoise & Plimpton v New York State Dept. of Taxation & Fin. (80 NY2d 657, 658) but the Court of Appeals apparently found the argument of

insufficient merit to require any discussion. The lower courts had expressly rejected the argument (183 AD2d 521, *affg on opn below* 149 Misc 2d 571, 575-576), as we do in this case.

■ Defendant's claim that the controversy is not ripe for judicial review is also meritless. When ripeness is at issue, the focus of the inquiry is on the finality and effect of the challenged action *(Church of St. Paul & St. Andrew v Barwick,* 67 NY2d 510, 518, *cert denied* 479 US 985).* Ripeness does not occur until the administrative agency has arrived at a definitive position on the issue that inflicts actual, concrete injury *(Matter of Ward v Bennett,* 79 NY2d 394, 400). Defendant claims that it issued a nonbinding advisory letter, but there is nothing in the record to suggest that the letter, which was issued in response to plaintiffs' request for a legal opinion, was not defendant's definitive position on the question of whether the services rendered by plaintiffs as licensed independent adjusters are subject to the sales tax imposed by Tax Law § 1105 *(see, Two Twenty E. Ltd. Partnership v New York State Dept. of Taxation & Fin., supra).* As to the impact upon plaintiffs, they allege that they are collecting the sales tax on the fees charged for services rendered as licensed independent adjusters, which places them at a competitive disadvantage because their competitors have not been advised of their sales tax obligation and are not collecting the tax. Plaintiffs also were exposed to potential personal liability for the taxes as a result of defendant's action *(see,* Tax Law § 1133 [a]).

■ Turning to the merits, among the detective and protective services covered by Tax Law § 1105 (c) (8) are those provided by detective agencies, but the Tax Law contains no definition of detective services or detective agency. In its opinion letter, the Department equated the terms to investigative services and investigators, which we find appropriate. In so doing, the Department noted that the term investigator is broadly defined under New York statutes. That broad definition can be found in General Business Law article 7, which regulates private investigators and certain other agencies *(see,* General Business Law § 71 [1]). Expressly excluded from the broad definition of private investigator, however, are persons engaged in the business of adjusters for insurance companies and public adjusters licensed under the Insurance Law *(ibid.).* Among those regulated by Insurance Law article 21 are adjusters. An adjuster is defined as any independent adjuster or public adjuster, and an independent adjuster is defined as one who acts "on behalf of an insurer in the work of investi-

gating and adjusting claims arising under insurance contracts issued by such insurer and who performs such duties required by such insurer as are incidental to such claims" (Insurance Law § 2101 [g] [1]).

Based upon the foregoing statutory scheme, and considering the general rule that tax statutes are to be strictly construed with any doubt resolved in favor of the taxpayer (McKinney's Cons Laws of NY, Book 1, Statutes § 313 [b], [c]), we conclude that the term protective and detective services contained in Tax Law § 1105 (c) (8) does not include those services which cannot be performed without the license required by Insurance Law § 2102 (a) (1). Defendant contends that such a conclusion confuses plaintiffs' status with their activities, but we are of the view that it is defendant who is confused. Plaintiffs are licensed private investigators and licensed independent adjusters. Their status at any given time depends entirely upon the nature of the activities they are performing at that time. When they are performing activities that require a license pursuant to the provisions of General Business Law article 7, plaintiffs are acting as private investigators for which no independent adjuster license is required, and they concede that the fees they charge for those detective services are subject to the sales tax under Tax Law § 1105 (c) (8). When plaintiffs are performing activities that require a license pursuant to the provisions of Insurance Law article 21, they are acting as independent adjusters, for which no private investigator's license is required, and the fees charged for those services are not subject to the sales tax. The Department's opinion failed to recognize the distinction between the nature of the services performed by plaintiffs in their two distinctly different capacities and, therefore, it was erroneous.

We note that no deference to defendant's interpretation of the statute is required in these circumstances (see, Matter of Metropolitan Life Ins. Co. v State Tax Commn., 55 NY2d 758). We also note that questions concerning which of the services performed by plaintiffs during any given reporting period are detective services subject to sales tax and which are independent adjuster services not subject to sales tax raise factual issues outside the scope of this declaratory judgment action.

MIKOLL, J. P., CREW III, YESAWICH JR. and PETERS, JJ., concur.

Ordered that the order is affirmed, without costs.