Matter of Center for Discovery, Inc. v NYC Dept. of Educ. (2018 NY Slip Op 03494)





Matter of Center for Discovery, Inc. v NYC Dept. of Educ.


2018 NY Slip Op 03494


Decided on May 15, 2018


Appellate Division, First Department


Manzanet-Daniels, J., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick, J.P.
Sallie Manzanet-Daniels
Marcy L. Kahn
Cynthia S. Kern
Anil C. Singh, JJ.


160157/16 6090 

[*1]In re the Center for Discovery, Inc., Petitioner-Appellant,
v
NYC Department of Education, Respondent-Respondent.



Petitioner appeals from a judgment of the Supreme Court, New York County (Erika Edwards, J.), entered August 2, 2017, granting respondent's cross motion to deny the petition seeking to annul respondent's purported determination, dated August 18, 2016, which denied petitioner's request for reimbursement for special services it is providing to a child with disabilities on the ground of failure to exhaust administrative remedies, and dismissing the proceeding brought pursuant to CPLR article 78.




Moritt Hock & Hamroff LLP, Garden City (Robert L. Schonfeld of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Qian Julie Wang and Deborah A. Brenner of counsel), for respondent.



MANZANET-DANIELS, J.


This case presents the question of whether petitioner the Center for Discovery has exhausted its administrative remedies as to respondent NYC Department of Education (NYCDE) in a case where respondent specifically ordered the amendment of the Individualized Education Plan (IEP) of D.P., a 12-year-old child with autism and other disabilities, to mandate that petitioner provide additional services to D.P., yet declined to reimburse petitioner for those same services.
Petitioner operates a private residential school for children with intellectual and developmental disabilities and complex medical conditions in Sullivan County, New York. The facility is comprised of both a school and an intermediate care facility where the students live [*2]during non-school hours. Petitioner's program is jointly overseen by respondent, which licenses the school component part of the program, and the New York State Office for People with Developmental Disabilities (OPWDD), which licenses the residential program.
D.P. has been residing at petitioner's facility since December 2015. His primary diagnosis is autism spectrum disorder, but he also suffers from obsessive compulsive disorder and ADHD. D.P. has engaged in a pattern of aggressive and self-injurious behavior since entering the facility. On one occasion he pulled out four of his own teeth, necessitating that he be physically restrained by staff.
Believing D.P. to present a danger to staff, other children, and himself, petitioner brought an action in the United States District Court for the Eastern District of New York seeking to have D.P. removed from its school.
Following institution of the action, respondent's Committee on Special Education (CSE) held a meeting on August 12, 2016, with respect to D.P.'s IEP. Petitioner's representatives participated via telephone.
At the meeting, respondent proposed that D.P. receive additional therapeutic and safety services in order to safely remain at petitioner's facility, including an around-the-clock one-on-one crisis management paraprofessional, and psychological and behavioral services by a board-certified analyst to monitor and oversee implementation of the behavior intervention plan. The additional services were not part of D.P.'s initial IEP, and the tuition rate set and paid by respondent did not include reimbursement for any of the additional services.
Dr. Ellen Fleishman, the chairperson of respondent's CSE, allegedly advised petitioner's staff that respondent would pay for the additional services. Respondent amended the IEP to mandate that petitioner provide the additional services, and petitioner has provided (and continues to provide) such services in accordance with the amended IEP. Petitioner asserts that notwithstanding the amendment of the IEP, and the alleged assurances by respondent's chair as to payment, respondent immediately reneged on its promise to pay for the additional services, except as to 30 hours per week of one-on-one crisis management paraprofessional services during the school day.
Petitioner filed this article 78 proceeding seeking to compel respondent to reimburse it for the additional services mandated by the amended IEP. Petitioner argued that respondent was required by law to arrange for appropriate services for a child with a disability and had recognized its obligations to pay for these services at the meeting; that this representation induced petitioner to provide the services; that respondent's failure to pay was manifestly unjust because petitioner had changed its position in reliance on the representation; and that respondent was estopped from arguing that it had no responsibility for reimbursing petitioner for the services petitioner rendered pursuant to the amended IEP.
Respondent moved to dismiss the proceeding, asserting that it was not responsible for reimbursing petitioner for the additional services mandated by the amended IEP. Respondent asserted, inter alia, that petitioner had failed to exhaust its administrative remedies.
The Supreme Court dismissed the proceeding, accepting respondent's argument that petitioner had failed to exhaust its administrative remedies. We now reverse.
As an initial matter, we disagree that the doctrine of "exhaustion of remedies" precludes review of this case (see Matter of Ward v Bennett, 79 NY2d 394, 400 [1992] [since there were no further administrative avenues available for review of the denial of a building permit, "the exhaustion doctrine is not implicated here"]).
A "final and binding" determination is one where the agency "reached a definitive position on the issue that inflicts actual, concrete injury," and the injury may not be "significantly ameliorated by further administrative action or by steps available to the complaining party" (Walton v New York State Dept. of Correctional Servs., 8 NY3d 186, 194 [2007]).
Respondent reached a definitive position concerning reimbursement for the additional services mandated by the amended IEP that inflicted concrete injury on petitioner. Counsel's August 18, 2016 email clearly stated that the City would not be reimbursing petitioner for the additional services mandated by the amended IEP. Petitioner had no available means of seeking review of respondent's decision from respondent or any other City or State agency empowered to review, overturn, or reverse the City's determination concerning reimbursement for the services explicitly mandated by the City in the amended IEP. The email was thus the "final" determination of respondent City on the issue (see New York Assn. of Counties v Axelrod, 78 NY2d 158, 165-166 [1991] [determination informing the petitioner that it was aggrieved by a government action was "final" for purposes of judicial review]; Matter of Spyhalsky v Cross Constr., 294 AD2d 23, 25 [3d Dept 2002] [Workers' Compensation Board determination final where "[t]he Board articulated its final position on the issue"]; Compass Adjusters & Investigators v Commissioner of Taxation & Fin. of State of N.Y., 197 AD2d 38, 41 [3d Dept 1994] [allegedly nonbinding opinion letter which expressed the agency's definitive position on the question of whether the services rendered by the plaintiffs were taxable was "final"]; see also Matter of Essex County v Zagata, 91 NY2d 447, 454 [1998] [letter from agency that set forth "its definitive position and signaled the completion of agency activity" was "final"]).
We thus conclude that petitioner has exhausted its administrative remedies as to respondent City on the question of whether the City must reimburse petitioner for the additional services mandated by respondent City in the amended IEP.
Since the motion court erred in granting the cross motion to dismiss the proceeding on the ground of exhaustion of remedies, we are obliged to remand the matter to the Supreme Court to permit respondent to file an answer pursuant to CPLR 7804(f) (see Matter of Kickertz v New York Univ., 25 NY3d 942 [2015]).
On remand, the Supreme Court is to determine whether respondent, having expressly amended the IEP to mandate that respondent provide the additional services, must reimburse petitioner for the additional services it explicitly required that petitioner furnish. We note that under relevant NYSED regulations, respondent "shall . . . arrange for the appropriate special education programs and services to be provided to a student with a disability as recommended by the committee on special education" (8 NYCRR 200.2[d][1]). Among the stated purposes of the Individuals with Disabilities Education Act (20 USC § 1400 et seq.) are to "ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs," and to assist the state and localities to "provide for the education of all children with disabilities" (§ 1400[d][1][A][C]). The Act requires that an appropriate "interagency agreement or other mechanism for agency coordination" be in place among the relevant agencies to ensure that all appropriate educational services are provided, and that such mechanism defines the financial responsibility of each agency, the conditions under which a local educational agency shall be reimbursed, and the procedures for resolving interagency disputes concerning reimbursement (§ 1412[a][12][A][i-iii]). Petitioner also alleges that it relied on respondent's representation that it would be reimbursed for the additional services mandated and provided under the amended IEP. While estoppel is generally not available in an action against a government agency, this case presents a factual dispute as to the applicability of the doctrine that must be determined upon remand (see Bender v NYC Health & Hosp. Corp., 38 NY2d 662, 668 [1976]). Accordingly, the judgment of the Supreme Court, New York County (Erika Edwards, J.), entered August 2, 2017, granting respondent's cross motion to deny the petition seeking to annul respondent's purported determination, dated August 18, 2016, which denied petitioner's request for reimbursement for special services it is providing to a child with disabilities on the ground of failure to exhaust administrative remedies, and dismissing the proceeding brought pursuant to [*3]CPLR article 78, should be reversed, on the law, without costs, and the matter remanded for the filing of an answer pursuant to CPLR 7804(f) and for further proceedings.
All concur.
Judgment, Supreme Court, New York County (Erika Edwards, J.), entered August 2, 2017, reversed, on the law, without costs, and the matter remanded for the filing of an answer pursuant to CPLR 7804(f) and for further proceedings.
Opinion by Manzanet-Daniels, J. All concur.
Renwick, J.P., Manzanet-Daniels, Kahn, Kern, Singh, JJ.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 15, 2018
CLERK