Dennis v 44th Enters. Corp. (2021 NY Slip Op 01229)





Dennis v 44th Enters. Corp.


2021 NY Slip Op 01229


Decided on March 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 02, 2021

Before: Gische, J.P., Mazzarelli, González, Mendez, JJ. 


Index No. 153420/16 Appeal No. 13247N Case No. 2019-03571 

[*1]Louisa Dennis, Individually and on Behalf of Others Similarly Situated, Plaintiffs-Claimants,
v
44th Enterprises Corp., Doing Business as Lace II Gentlemen's Club, et al., Defendants-Stakeholders-Appellants, New York State Department of Taxation and Finance, et al., Defendants-Claimants-Respondents, Metro Enterprises Corp., Cross-Defendant-Claimant-Appellant.


Meister Seelig & Fein LLP, New York (Amit Shertzer of counsel), for 44 th Enterprises Corp. and Anthony Capeci, for appellants.
Zane and Rudofsky, New York (Edward S. Rudofsky of counsel), for Metro Enterprises Corp, appellant.
Letitia James, Attorney General, New York (Philip J. Levitz of counsel), for respondent.



Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered August 13, 2019, which, inter alia, granted cross-defendants-claimants New York State Department of Taxation and Finance (Tax Department) and the Commissioner's motion to dismiss the interpleader complaint (see CPLR 5520[c]) and denied defendants-stakeholders and cross-defendant-claimant Metro Enterprises Corp.'s (together, appellants) motions for a preliminary injunction, unanimously affirmed, without costs.
The motion court correctly dismissed defendants-stakeholders' interpleader complaint for failure to exhaust administrative remedies (Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57 [1978]). The resolution of adjudications between taxpayers and the Tax Department is governed by the Tax Law, which sets forth procedures that expressly exclude judicial review in this type of action (Tax Law §§ 1140; 2000). The statute provides that these procedures are the "exclusive remedies available to any person for the review of [sales] tax liability" and, as a result, that "no determination or proposed determination of tax or determination of any application for [a] refund shall be enjoined or reviewed . . . by any action or proceeding other than a proceeding under [CPLR article 78]" (Tax Law § 1140).
Appellants failed to show that an exception to the exclusive-remedy requirement and their failure to exhaust administrative remedies applies to this case. First, appellants are not excused from the exclusive-remedy requirement on the ground that the sales tax laws are "wholly inapplicable" to them (Bankers Trust Corp. v New York City Dept. of Fin., 1 NY3d 315, 322 [2003]). We have previously addressed this issue in a strikingly similar case, in which we rejected an exotic dance club's "wholly inapplicable" argument with respect to its own scrip transactions (CMSG Rest. Group, LLC v State of New York, 145 AD3d 136 [1st Dept 2016], appeal dismissed, lv denied 29 NY3d 929 [2017], cert denied __ US __, 183 S Ct 381 [2017]). Appellants argue that the scrip in CMSG was used for a wider range of purposes than in this case and thus fell within the ambit of the Tax Law. This argument presents a factual issue that precludes a judicial determination (Metro Enters. Corp. v New York State Dept. of Taxation & Fin., 171 AD3d 1377, 1380 [3d Dept 2019]).
Even if the interpleader complaint were not subject to dismissal, appellants would not be entitled to the preliminary injunctive relief they seek (see Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839 [2005]). Appellants have not shown a likelihood of success on the merits, as they have not exhausted their administrative remedies and have not established any exception to this requirement. They are also unlikely to succeed on their claim that they do not owe sales tax on scrip sales, given that several courts have already rejected this argument. Moreover, they have not even attempted to show irreparable harm or a balance of the equities [*2]in their favor.
We have considered appellants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 2, 2021