Site Safety LLC v New York State Dept. of Taxation & Fin. (2025 NY Slip Op 02255)

Site Safety LLC v New York State Dept. of Taxation & Fin.

2025 NY Slip Op 02255

Decided on April 17, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 17, 2025

CV-24-0743
[*1]Site Safety LLC et al., Appellants,
v
New York State Department of Taxation and Finance et al., Respondents.

Calendar Date:February 10, 2025

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Powers, JJ.

Hodgson Russ LLP, Buffalo (K. Craig Reilly of counsel), for appellants.
Letitia James, Attorney General, Albany (Dustin J. Brockner of counsel), for respondents.

Ceresia, J.
Appeal from an order of the Supreme Court (Kimberly O'Connor, J.), entered April 2, 2024 in Albany County, which, among other things, granted defendants' motion to dismiss the complaint.
In 2020, nonparty The Safety Group, Ltd. sought an advisory opinion from defendant Department of Taxation and Finance (hereinafter DTF) concerning whether certain services it provided to its customers were subject to sales tax. These services included, as relevant here, providing licensed site safety managers to perform inspections of construction and demolition projects in New York City, as required by the New York City Building Code. Although The Safety Group argued that these services were governmentally mandated and therefore should not be deemed taxable, DTF disagreed, issuing an advisory opinion stating that the services of site safety managers fell within the scope of "[p]rotective and detective services" that are subject to sales tax under Tax Law § 1105 (c) (8). After issuing this opinion, DTF began auditing several companies that provide licensed site safety services in New York City, including 7 of the 11 plaintiffs herein.
In 2023, plaintiffs commenced this action seeking a judgment declaring that Tax Law § 1105 (c) (8) does not apply to site safety services as defined in the New York City Building Code. Defendants moved to dismiss the complaint, and plaintiffs opposed and cross-moved for summary judgment. Supreme Court ruled that the claims of the four plaintiffs who had not been audited by DTF were not ripe for review, and that the remaining seven plaintiffs had failed to exhaust their administrative remedies. As such, the court granted defendants' motion and denied plaintiffs' cross-motion. Plaintiffs appeal.
With respect to plaintiffs Site Safety LLC, Nova Safety Associates, LLC, Nextwave Safety Consulting LLC and NYC FaÇade Safety Corp., we agree with Supreme Court that their claims are unripe. In a declaratory judgment action, "there must be a real dispute between adverse parties, involving substantial legal interests for which a declaration of rights will have some practical effect" (Hernandez v State of New York, 173 AD3d 105, 109-110 [3d Dept 2019] [internal quotation marks and citation omitted]). Ripeness occurs when an agency has reached a definitive position that inflicts actual, concrete injury (see Compass Adjusters & Investigators v Commissioner of Taxation and Fin. of State of N.Y., 197 AD2d 38, 41 [3d Dept 1994]). As of the date of commencement of this action, these four plaintiffs had not even been audited by DTF, let alone advised that they would be subject to any taxation. Accordingly, they have not demonstrated that any actual harm has been inflicted on them.
Turning to plaintiffs City Safety Compliance Corp., Construction Realty Safety Group Inc. and Safety Dynamics, LLC, dismissal of their claims was also proper, albeit for a different reason than that articulated by Supreme Court.[FN1] That is, these three plaintiffs also had unripe [*2]claims because, although they were under audit at the time of commencement, the audits had not been completed and no action had been taken against them by DTF.
However, with regard to plaintiffs Safety and Quality Plus, Inc.; AP Tristate-Safety Corp.; Menotti Enterprise, LLC; and The Casa Group, Inc. (hereinafter the remaining plaintiffs), Supreme Court erred in dismissing their claims. Unlike the seven plaintiffs discussed above, the remaining plaintiffs had not only been audited but had also received either statements of proposed audit change or letters from DTF indicating that their site safety services are subject to sales tax under Tax Law § 1105 (c) (8). Contrary to defendants' contention, such statements and letters are sufficient to render these claims ripe for review (see Compass Adjusters & Investigators v Commissioner of Taxation and Fin. of State of N.Y., 197 AD2d at 41; Two Twenty E. Ltd. Partnership v New York State Dept. of Taxation and Fin., 185 AD2d 202, 202 [1st Dept 1992]).
In addition, the remaining plaintiffs did not, as Supreme Court held, fail to exhaust their administrative remedies. Generally, a taxpayer must utilize statutory administrative remedies prior to commencing an action against the taxing entity (see Metro Enters. Corp. v New York State Dept. of Taxation & Fin., 171 AD3d 1377, 1379 [3d Dept 2019]). That said, there is an exception to this requirement when, as relevant here, a tax statute is attacked as wholly inapplicable to the plaintiff (see Bankers Trust Corp. v New York City Dept. of Fin., 1 NY3d 315, 322 [2003]; Metro Enters. Corp. v New York State Dept. of Taxation & Fin., 171 AD3d at 1379; Niagara Mohawk Power Corp. v City School Dist. of City of Troy, 88 AD2d 167, 168-169 [3d Dept 1982], affd 59 NY2d 262 [1983]). "To challenge a statute as wholly inapplicable, the taxpayer must allege that the agency had no jurisdiction over it or the matter that was taxed" (Metro Enters. Corp. v New York State Dept. of Taxation & Fin., 171 AD3d at 1380 [internal quotation marks and citation omitted]; see El Paso Corp. v New York State Dept. of Taxation & Fin., 36 AD3d 655, 657 [2d Dept 2007], lv denied 8 NY3d 813 [2007]). "This exception to the rule [mandating exhaustion of administrative remedies] is limited to those cases where no factual issue is raised" concerning the subject matter of the tax dispute (Kallenberg Meat Prods. v O'Cleireacain, 209 AD2d 381, 382 [2d Dept 1994]; see Dennis v 44th Enters. Corp., 192 AD3d 402, 403 [1st Dept 2021]).
The remaining plaintiffs qualify for the "wholly inapplicable" exception, as the complaint alleges that DTF lacks jurisdiction because Tax Law § 1105 (c) (8) does not apply to their site safety services. Further, there are no factual issues at play here. Defendants argue that there are questions of fact because plaintiffs have not set forth in detail the scope of the services they provide, such as by attaching to the complaint copies of contracts with their customers. However[*3], the complaint simply seeks a declaration that site safety services, as specifically defined in the New York City Building Code, are exempt from sales tax, and the remaining plaintiffs concede that any other services that they might provide to customers that fall outside the scope of the Building Code would not be subject to such a declaration.
Finally, regarding plaintiffs' cross-motion for summary judgment, it was prematurely filed prior to joinder of issue (see CPLR 3212 [a]; City of Rochester v Chiarella, 65 NY2d 92, 102 [1985]; Gerster's Triple E. Towing & Repair, Inc. v Pishon Trucking, LLC, 167 AD3d 1353, 1354 [3d Dept 2018]; Blue Is. Dev., LLC v Town of Hempstead, 131 AD3d 497, 501 [2d Dept 2015]). Therefore, we remit the matter to allow defendants to file an answer. Plaintiffs' remaining contentions have been rendered academic.
Aarons, J.P., Pritzker, Reynolds Fitzgerald and Powers, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion to dismiss the claims of plaintiffs Safety and Quality Plus, Inc., AP Tristate-Safety Corp., Menotti Enterprise, LLC and The Casa Group, Inc.; matter remitted to the Supreme Court to permit defendants to serve an answer within 20 days of this Court's decision; and, as so modified, affirmed.

Footnotes

Footnote 1: Supreme Court dismissed the claims of these plaintiffs on the ground that they had failed to exhaust their administrative remedies. For the reasons outlined below, we disagree with that ruling.