OPINION OF THE COURT
Beverly S. Cohen, J.
Plaintiff moves and defendants cross-move for an order granting summary judgment in this declaratory action.
Plaintiff, a commercial tenant of premises leased for its office located at 875 Third Avenue, New York, New York (premises), challenges the right of defendants to impose and collect sales tax on payments by plaintiff to its landlord for overtime heating, ventilation and air conditioning (HVAC).
On November 30, 1981, plaintiff Debevoise and Plimpton (the tenant), a partnership engaged in the practice of law, entered into an agreement with the landlord to rent space at the premises. Pursuant to section 3.01 of the lease, the tenant pays annual "fixed rent” in 12 equal monthly installments. "Fixed rent” includes the tenant’s use of HVAC from 8:00 a.m. to 6:00 p.m., on regular business days. Pursuant to section 12.02 of the lease, the tenant is required to pay the landlord "additional rent” when HVAC is furnished during nonbusiness hours and days.
HVAC has been ruled subject to New York State sales tax *573 (Tax Law § 1105 [b]; § 1107 [a]; § 1109 [a]) (State sales tax) and commercial rent or occupancy tax (Administrative Code of City of New York § 11-701, implementing McKinney’s Uncons Laws of NY § 9447 [L 1963, ch 257, § 1, as amended]; Matter of Time Inc. v Michael, 91 AD2d 1207 [commercial rent tax]). The State sales tax is included in the landlord’s bill and is paid to the landlord by the tenant. The tenant remits the commercial rent tax, 6% of the total rent (fixed plus additional which includes the overtime HVAC) to the New York City Department of Finance.
In this action, the tenant seeks an order declaring that the imposition of the New York State sales tax on HVAC services provided by the landlord at the subject premises is invalid.
Defendants cross-move for summary judgment, seeking dismissal of the complaint initially on the grounds that plaintiff has failed to exhaust administrative remedies. The defendants additionally claim that this action is not ripe for adjudication because there is a need to make a full record as to factual issues, relying, inter alla, on the opinion in New York Inst. for Educ. of Blind v United Fedn. of Teachers’ Comm. for N. Y. Inst. for Educ. of Blind (83 AD2d 390, 402-403, affd 57 NY2d 982). In support of this contention, defendants point to the affidavit submitted by plaintiff’s expert describing in detail how plaintiff’s premises are heated and cooled and why heating is not accomplished by "steam,” and air conditioning and ventilation are not accomplished by "refrigeration”.
Preliminarily, defendants’ argument as to the need for a full record is inappropriate, particularly in view of the procedural context of the present motion. Plaintiff’s motion for summary judgment is supported by its submission of an expert’s affidavit attesting to the facts. A party opposing such a motion must assemble and lay bare its proof to demonstrate the existence of a genuine triable issue of fact (Shaw v Time-Life Records, 38 NY2d 201; Capelin Assocs. v Globe Mfg. Corp., 34 NY2d 338). Here, defendants have failed to meet their burden. Merely requesting an opportunity to "make a record” without identifying any particulars as to what defendant hopes to discover or why he thinks the facts may be other than as attested to by plaintiff’s expert is insufficient, and is tantamount to an impermissible request for a "fishing expedition” (see, Auerbach v Bennett, 47 NY2d 619; Kennerly v Campbell Chain Co., 133 AD2d 669).
Moreover, there is no need to exhaust administrative *574 remedies where an agency’s action is challenged as either unconstitutional or wholly beyond the agency’s grant of power (Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57). Here, plaintiff has alleged that collecting a sales tax on its additional rent payments for HVAC is beyond the statutory grant of power to the defendants. Therefore, the doctrine of exhaustion of administrative remedies is inapplicable.
Furthermore, dismissal of the complaint is not warranted because plaintiff brought this as an action for declaratory judgment and not as a CPLR article 78 proceeding. The purpose of an action for a declaratory judgment is to serve some practical end in quieting and stabilizing an uncertain or undisputed jurai relation either as to present or prospective obligations (James v Alderton Dock Yards, 256 NY 298, 305). Such an action is not subject to dismissal merely because the plaintiff is not entitled to the declaration which it seeks (Lanza v Wagner, 11 NY2d 317, 334, appeal dismissed 371 US 74, cert denied 371 US 901). In that circumstance, rather than dismiss the complaint, the court should make an appropriate declaration of the rights and obligations of the parties with respect to the subject matter of the litigation (Sweeney v Cannon, 30 NY2d 633).
At bar, it is apparent that there is a justiciable controversy between the parties as to their rights and duties. The court must, therefore, render an appropriate declaration as to whether defendants are entitled to collect the sales tax on plaintiff’s additional rent payments to its landlord for overtime HVAC.
Accordingly, defendants’ cross motion to dismiss the complaint is denied, and the court reaches the merits of the complaint.
The plaintiff claims that under the applicable statute, Tax Law § 1105 (b), enacted in 1965, overtime HVAC does not constitute a sale of gas, electricity, refrigeration or steam service as a matter of statutory construction and was not intended to by the Legislature. The plaintiff also argues that even if the provision of these services did constitute a sale of "electric, refrigeration and steam service of whatever nature,” it is not taxable in the circumstances presented here as the services are supplied incidental to the provision of habitable premises. The plaintiff maintains further that if one were to consider heating and air conditioning as refrigeration and steam service, then the landlord’s initial purchase of steam, *575 electricity and refrigeration which is used to produce the HVAC should be exempt from taxation as purchase for resale. The plaintiff also claims that the fact that it pays sales tax as well as occupancy tax on the landlord’s costs for the production of the overtime HVAC results in impermissible double taxation.
The sales tax statute, as enacted in 1965, imposed tax on far more than a "sale” of goods (which is broadly defined). It imposed a tax on a variety of other transactions as well, including, rentals of personal property, installations, repair and maintenance services, restaurants, hotel rooms, admissions and dues (Tax Law § 1105 [c]). However, the section under which the overtime HVAC sales tax is collected by the defendants is Tax Law § 1105 (b) which provides, in pertinent part, as follows:
"there is hereby imposed and there shall be paid a tax of four percent upon: * * *
"(b) The receipts from every sale, other than sales for resale, of gas, electricity, refrigeration and steam and gas, electric, refrigeration and steam service of whatever nature”.
The defendants have, since its inception, broadly interpreted this section. In fact, section 527.2 (c) (1) of the Regulations of the New York State Department of Taxation and Finance, promulgated in 1976, specifically provides that "[t]he sale of air conditioning is a sale of refrigeration service,” (20 NYCRR 527.2 [c] [1]). Accordingly, the State deems these overtime HVAC charges to be subject to the State sales tax (Tax Law § 1105 [b]; § 1107 [a]; § 1109 [a]).
However, the city Tax Administration considers the payment of these charges as rent, and on January 20, 1983, the Appellate Division, First Department, confirmed without opinion an administrative determination of the Finance Administrator of the City of New York that separately stated charges for HVAC services in a taxpayer’s lease were taxable under the commercial rent tax law (Matter of Time Inc. v Michael, 91 AD2d 1207, supra). Thereafter, on February 4, 1983, the Commissioner of Finance of New York City issued Policy Bulletin 1-83 declaring that charges for "building services which the tenant could not provide on his own, independent of the landlord, such as central heating, central air conditioning, or elevator services” are includable in taxable rent "even if these charges are separately stated in the lease”.
Thus, pursuant to the interpretation of the statutes and the *576 regulations promulgated by those charged with enforcement thereof, plaintiff has been subjected to payment of sales tax as well as commercial rent or occupancy tax for its overtime HVAC payments.
The defendants rely on the long practice of so interpreting these statutes and argue that the interpretation of a statute by the agency charged with enforcement thereof, if not unreasonable, must be confirmed (Matter of American Tel. & Tel. Co. v State Tax Commn., 61 NY2d 393, 400 [1984]).
Plaintiff, on the other hand, argues that, "[w]here * * * the question is one of pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent, there is little basis to rely on any special competence or expertise of the administrative agency and its interpretative regulations are therefore to be accorded much less weight. And, of course, if the regulation runs counter to the clear wording of a statutory provision, it should not be accorded any weight” (Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451, 459 [emphasis added]).
As a rule of statutory construction, a statute which levies a tax is to be construed most strongly against the taxing authority and in favor of the taxpayer (Matter of SIN, Inc. v Department of Fin., 126 AD2d 339, 343 [2d Dept 1987], affd 71 NY2d 616; American Locker Co. v City of New York, 308 NY 264, 269 [1955]). Moreover, a " 'tax law should be interpreted as the ordinary person reading it would interpret it’ ” (Holmes Elec. Protective Co. v McGoldrick, 262 App Div 514, 518 [1st Dept 1941], affd 288 NY 635 [1942]; New York State Cable Tel. Assn. v State Tax Commn., 59 AD2d 81, 83 [3d Dept 1977]).
If there is any doubt, the tax statute should be "construed most strongly against the Government, and in favor of the citizen” (Gould v Gould, 245 US 151, 153). "The government takes nothing except what is given by the clear import of the words used, and a well-founded doubt as to the meaning of the act defeats the tax” (People ex rel. Mutual Trust Co. v Miller, 177 NY 51, 57).
Therefore, it is well settled that taxing statutes should be construed liberally in favor of the taxpayer and to avoid double taxation (Matter of City of New York v Procaccino, 46 AD2d 594, 595 [3d Dept 1975]). Although double taxation is not ipso facto prohibited, in order for it to be permissible, it must appear unmistakably that the Legislature intended such *577 an imposition; and such legislative intent may not be inferred (Socony-Vacuum Oil Co. v City of New York, 247 App Div 163, 165 [1st Dept], affd, 272 NY 668 [1936]). All presumptions are against such an imposition (supra; Tennessee v Whitworth, 117 US 129, 137 [1886]).
Plaintiff has submitted evidence that heating is accomplished not by steam directly but by heated water circulated throughout the premises, which then heats funnel pipe units located below the interior offices which, in turn, heat the premises. Thus, the heated piping rather than steam heats the offices. Plaintiff concedes that steam is one component in the heating process; it is first purchased by the landlord, metered and reduced in pressure, and then transferred to "heat exchangers”. As for the air conditioning, plaintiff asserts that this is accomplished by an "air-economizer damper control” which draws outside air into fan rooms located on each floor and circulates it throughout the premises. When the outside temperature is in excess of 58 degrees, the interior air temperature is reduced by the circulation of glycol. On these facts, the plaintiff denies that the landlord is selling refrigeration or steam services as envisioned by the statute.
In the absence of a statutory definition, the meaning ascribed to a word or phrase by lexicographers may serve as a useful guidepost (McKinney’s Cons Laws of NY, Book 1, Statutes § 234; Quotron Sys. v Gallman, 39 NY2d 428, 431). The dictionary defines refrigerate as "to make or keep cold or cool, as for preservation” (Random House Dictionary of the English Language [2d ed unabridged]); "air condition” is defined as "[t]o render a room, building, office, hotel or the like reasonably comfortable by circulating air which is maintained at a predetermined temperature by either warming or cooling it” (Black’s Law Dictionary 92 [rev 4th ed]).
Indisputably, all that the tenant requires, regardless of the methods of its accomplishment, is that the rented premises be reasonably comfortable, and, for this purpose, pays the landlord "additional rent” to enable the premises to be utilized outside of the times in which the same services are provided as part of the base rent entitlements. In the absence of any specific provisions or statements of legislative intent evidencing that such services were intended to be subject also to a sales tax, the court finds that the "ordinary person” seeking heating, ventilation and air conditioning in its rented premises would not ordinarily conclude that they were purchasing "steam services or refrigeration services”.
*578 Moreover, the court is satisfied that the legislative intent in enacting Tax Law § 1105 (b) was to tax all sales of utilities when sold as commodities or articles of commerce, not to tax the provision of heat and air conditioning to business premises but rather the products that are used to produce these results. This interpretation is not contrary to the holding in the case relied upon by the defendants, Richards Conditioning Corp. v Oleet (21 NY2d 895 [1968]). There, the Court of Appeals held that a Mount Vernon ordinance requiring the licensing of installers of refrigeration system applied to air-conditioning installers also. The circumstances here are more analogous to the earlier holding in Matter of Merchants Refrigerating Co. v Taylor (275 NY 113), where the city sought to impose then existing sales and utility taxes upon refrigeration services. The Court of Appeals, in holding that those laws (containing similar language) were inapplicable, stated, "We agree with the appellant that the cooling of its storage rooms for the preservation of merchandise is not a sale of refrigeration or a sale of refrigeration service * * *. The temperature may attract customers and increase the charge, but safe storage is the service sought and paid for.” (Supra, at 119.)
The circumstances presented in the instant case are also analogous to those cases where the courts refused to extend the tax imposed on the sale of "telephone and telegraph service of whatever nature” to services that merely used telephonic or telegraphic services for transmissions (see, e.g., New York State Cable Tel. Assn. v State Tax Commn., 59 AD2d 81, supra [sales tax not payable on charges for cable television service as a telephone or telegraph service despite the method of transmission]; Holmes Elec. Protective Co. v McGoldrick, 262 App Div 514, supra [the purchases of protective systems which used the transmission of electric signals were not purchases of telegraphic service]). Notably, even in today’s economic climate, the courts will not hesitate to curb the administrative tendency to broaden the scope of the tax legislation where it extends its application to unreasonable lengths (see, e.g., Matter of Peat Marwick Main & Co. v New York City Dept. of Fin., 76 NY2d 527).
In light of the extensive and detailed provisions specifically addressing many other types of transactions, the legislative intent to impose a sales tax on a landlord’s provision of overtime HVAC cannot be inferred by the court from the existing provisions by reliance merely on the general intent of tax legislation to be broad in scope. There is no intention *579 manifested in the statute’s general language or in the history of taxes on utility services that the tax was intended to have such a broad reach.
An additional problem would have to be faced if this court were to find the provision of these services taxable under Tax Law § 1105 (b), since this transaction is already being taxed as commercial rent. While the interpretation of a statute by one administrative body is not binding on another agency when it is interpreting another statute (Matter of Dickstein v State Tax Commn., 67 AD2d 1033), the court must look to the effect of those interpretations. Here, the result is a double burden falling on a taxpayer.
Impermissible double taxation results when two separate taxes are placed on the same transaction by the same taxing authority during the same taxing period where the burden of both taxes falls on the same taxpayer (Tennessee v Whitworth, 117 US 129, supra; see also, State ex rel. Spink v Kemp, 365 Mo 368, 283 SW2d 502).
The defendants concede that the city acts as an agent of the State in imposing the commercial rent tax (see, Matter of Atlas Tel. Co., 273 NY 51, 54). Whether it is termed a sale or rent, it is the one transaction, i.e., the provision of overtime HVAC services, which is being taxed, and it is undisputed here that the double burden falls on the plaintiff.*
While double taxation is not of itself unconstitutional, the courts cannot permit the imposition of such a burden absent a clearly expressed legislative intent. Plaintiff has made a prima facie showing that the imposition of commercial occupancy rent tax and sales tax on its overtime HVAC payments constitute double taxation. Defendant has failed to come forward with any evidence of legislative intent to subject plaintiff to double taxation on such payments; defendant’s sole argument being that the tax on commercial rental property in *580 the City of New York does not raise revenue for the State of New York.
Accordingly, the court grants summary judgment to the plaintiff and declares that the provision of overtime HVAC services incidental to the provision of rented premises is not subject to a sales tax under Tax Law § 1105 (b).

 The court does not consider the question raised as to the landlord’s entitlement to a tax exemption on its original purchases of electricity and steam as purchases for resale. The landlord is not a party to this action and the facts of its initial purchases are not on the record, although it appears from the rental invoices that it does pay such taxes which it recoups from the plaintiff.