■ DEBEVOISE & PLIMPTON, Respondent, v NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE et al., Appellants.— Order and judgment (one paper), Supreme Court, New York County (Beverly S. Cohen, J.), entered on March 1, 1991, affirmed, without costs, for the reasons stated by Beverly Cohen, J. Concur—Murphy, P. J., Kupferman and Asch, JJ.

Wallach and Smith, JJ, dissent in a memorandum by Smith, J., as follows: I would reverse the judgment of the motion court.

The issue here is whether the provision of overtime heating, ventilation and air conditioning services is subject to a sales tax pursuant to Tax Law § 1105 (b).

This is a declaratory judgment action in which plaintiff seeks a ruling that overtime heating, ventilation and air conditioning (HVAC) services are not subject to Tax Law § 1105 (b). Plaintiff is a law firm and the commercial tenant of premises located on Third Avenue in Manhattan. Pursuant to its lease, "[i]f Tenant shall require heating, ventilating or air conditioning service at any time other than during business hours [8:00 A.M. to 6:00 P.M.] on business days ('after hours') * * * Tenant shall pay landlord's then established charges therefor as Additional Rent on demand." HVAC services provided during business hours on business days were included in the "fixed rent" and not separately charged. These "after hours" HVAC services were billed by the landlord as

overtime charges and included the New York State sales tax pursuant to Tax Law § 1105 (b). Section 1105 (b) provides for a tax on "[t]he receipts from every sale, other than sales for resale, of gas, electricity, refrigeration and steam, and gas, electric, refrigeration and steam service of whatever nature".

Before the motion court, plaintiff sought summary judgment, chiefly relying upon the affidavit of Donald E. Ross, the "Engineer of Record" for the premises at issue. Mr. Ross's affidavit described the HVAC systems and their operation. Air conditioning was described as "the control of temperature, humidity, air velocity, and air purity." The reduction of interior air temperature was described as resulting from the "transfer of glycol [cooled through exposure to a refrigerant] to cooling coils" which then cooled the air. The Ross affidavit also stated that a hot water convection system provided the heating. This system utilizes steam, purchased by the landlord from Consolidated Edison, to heat the water which is then transferred to "finned pipes" which heat the premises. Hence, plaintiff contended that the refrigeration and steam utilized were components of the HVAC system and not within the ambit of section 1105 (b). Plaintiff also alleged that its payments for overtime HVAC services covered the landlord's entire cost of providing them, including taxes. Finally, plaintiff argued that it was subjected to double taxation because its HVAC overtime payments were included in the total rent that was subject to New York City commercial rent or occupancy tax (McKinney's Uncons Laws of NY § 9447 [L 1963, ch 257, § 1, as amended]).

In opposition to the motion, defendants submitted the affidavit of Arnold M. Glass, an Associate Attorney in the Law Bureau of defendant New York State Department of Taxation and Finance. Mr. Glass cited his 24 years in the Law Bureau and his experience in interpreting the sales tax at issue and drafting its regulations. Mr. Glass asserted that this case presented the first challenge to the agency's interpretation of the Tax Law on this issue. He relied upon the plain language of the statute and cited an agency ruling and a regulation that specifically held that air conditioning was taxable as refrigeration. Specifically, 20 NYCRR 527.2 (c) states:

*"Refrigeration and refrigeration service.* (1) The sale of air conditioning is a sale of refrigeration service.

*"Example:* A lease provides that a landlord will furnish the tenant with air conditioning service during normal business hours and further provides for an additional charge, for air

conditioning service during other hours at $10 an hour. This additional charge is for the sale of refrigeration service."

It was also argued, *inter alia,* that the Ross affidavit established that steam and refrigeration services were utilized and that the double taxation claim was without merit because this was a case of "different jurisdictions [imposing] the different taxes." Defendants also cross-moved for summary judgment on the grounds that plaintiff had failed to exhaust administrative remedies and that the claim was not ripe for adjudication because a full record as to factual issues was needed.

The motion court rejected defendants' claim of a need for a full record "in view of the procedural context of the present [summary judgment] motion." [149 Misc 2d 571, 573.] Defendants had failed to identify the facts to be elicited. The exhaustion argument was rejected as inapplicable because plaintiff was contending that the tax was "beyond the agency's grant of power *(Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57)." *[Supra,* at 574.] The motion court also reasoned that dismissal was not warranted since this was an action for declaratory judgment and not a CPLR article 78 proceeding. Accordingly, the cross-motion was denied.

In granting the motion for summary judgment, the motion court concluded (1) that plaintiff was subject to double taxation and there was no evidence that the legislature intended this; (2) that the legislature intended "to tax all sales of utilities when sold as commodities or articles of commerce, not to tax the provision of heat and air conditioning to business premises" *[supra,* at 578]; and (3) that, in the absence of legislative intent to the contrary, it could be held that a tenant seeking HVAC services would not conclude that they were purchasing steam or refrigeration services. Therefore, it was held that overtime HVAC services incidental to a rented premises were not subject to a sales tax under Taw Law § 1105 (b). This appeal followed.

On appeal, the parties essentially make the same arguments, as well as addressing the statutory construction/legislative intent issues raised by the motion court. Defendants argue that the agency's interpretation of the statute is controlling because, *inter alia,* it is reasonable, it has been consistent, and the legislature has not disturbed it. Plaintiff responds, *inter alia,* (1) that the agency's interpretation is unsupported by statutory language, (2) that the legislature cannot be viewed as ratifying the agency's interpretation because there has been no showing that the legislature was

aware of it, and (3) that the fact of the interpretation's long-standing use is insignificant.

Also before the court on this appeal is the New York City Department of Finance as *amicus curiae* in support of defendants. The *amicus* brief addresses only the double taxation issue. It is argued that there is no double taxation here because although in this instance the City is an agent of the State, the City and State are not the same taxing authority. The State, through enabling legislation, has created in the City a taxing authority. Therefore, it is argued that the sales tax imposed by the State and the commercial rent or occupancy tax imposed by the City are different taxes imposed by different taxing authorities.

The strongest reasons for reversing the decision of the motion court and upholding the imposition of a sales tax to HVAC services are the wording of the statute itself and the interpretation of that statute by the appropriate agency for a long period without change by the Legislature. The statute reads that the tax is applicable to "gas, electricity, refrigeration and steam, and gas, electric, refrigeration and steam service *of whatever nature*" (emphasis supplied). The exception carved out for "sales for resale" of the aforementioned items has no application here because plaintiff is the ultimate consumer. In addition, at least since 1976, when the New York State Department of Taxation and Finance promulgated 20 NYCRR 527.2 (c) (1), the sales tax has been applied to overtime HVAC charges.

Moreover, there is no double taxation as a result of applying Tax Law § 1105 (b) to HVAC services. The City of New York imposes a commercial rent tax which includes charges for HVAC services (McKinney's Uncons Laws of NY § 9447). Such charges have been upheld by this court *(Matter of Time, Inc. v Michael,* 91 AD2d 1207 [1983]). At the same time, the State of New York imposes a sales tax on the same HVAC services as authorized by Tax Law § 1105 (b). Since the taxing authorities are different, there is no prohibited double taxation *(State Tax Commn. v Aldrich,* 316 US 174, 179 [1942]). *[See,* 149 Misc 2d 571.]