[805 NE2d 92, 773 NYS2d 1]

BANKERS TRUST CORPORATION, Formerly Known as BANKERS TRUST NEW YORK CORP., Appellant, v NEW YORK CITY DEPARTMENT OF FINANCE et al., Respondents.

Argued October 16, 2003; decided November 25, 2003

## POINTS OF COUNSEL

*Hutton & Solomon LLP,* New York City (*Kenneth I. Moore, Stephen L. Solomon* and *Roger S. Blane* of counsel), for appellant. I. The Department of Finance may not raise extraneous issues in auditing the state correction. (*People ex rel. International Salt Co. v Graves,* 267 NY 149; *Central Trust Co. of N.Y. v Falck,* 177 App Div 501, *affd sub nom. Central Trust Co. of N.Y. v Rogers,* 223 NY 705; *Apex Air Frgt. v O'Cleireacain,* 210 AD2d 7; *Duffy v Horton Mem. Hosp.,* 66 NY2d 473.) II. The Department of Finance does not have an equitable right of setoff. (*Lewis v Reynolds,* 284 US 281; *Matter of Capital Cities Communications v State Tax Commn.,* 65 AD2d 25; *Matter of Morton Bldgs. v Chu,* 126 AD2d 828, 70 NY2d 725; *Bull v United States,* 295 US 247; *Stone v White,* 301 US 532; *United States v Dalm,* 494 US 596.) III. The Department of Finance may not reallocate Bankers Trust's income. IV. The Department of Finance is bound by its own agreements.

*Michael A. Cardozo, Corporation Counsel,* New York City (*Robert J. Firestone* and *Rita D. Dumain* of counsel), for respondents. I. The Appellate Division correctly ruled that Administrative Code of the City of New York § 11-678 (3) does not bar the City from adjusting Bankers Trust's worldwide entire net income in determining whether Bankers Trust overpaid its tax. (*Jones v Liberty Glass Co.,* 332 US 524; *Castle Oil Corp. v City of New York,* 89 NY2d 334; *Lewis v Reynolds,* 284 US 281, 599; *People v Tran,* 80 NY2d 170; *People v Dethloff,* 283 NY 309; *People v Cruz,* 48 NY2d 419; *Matter of Medical Socy. of State of N.Y. v State of New York Dept. of Health,* 83 NY2d 447; *United States v Dalm,* 494 US 596; *Bull v United States,* 295 US 247; *Matter of American Can Co. v State Tax*

*Commn.,* 13 AD2d 175.) II. The Appellate Division's ruling that Bankers Trust is not required to exhaust its "exclusive" remedies with the Tax Appeals Tribunal, where it does not allege the bank tax to be wholly inapplicable, is contrary to prior rulings of this Court. (*Matter of First Natl. City Bank v City of N.Y. Fin. Admin.,* 36 NY2d 87; *Dun & Bradstreet v City of New York,* 276 NY 198; *Richfield Oil Corp. of N.Y. v City of Syracuse,* 287 NY 234; *Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451; *Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52; *Apex Air Frgt. v O'Cleireacain,* 210 AD2d 7, 86 NY2d 712; *Matter of Herberg v Perales,* 180 AD2d 166; *GTE Spacenet Corp. v New York State Dept. of Taxation & Fin.,* 201 AD2d 429; *Reader's Digest Assn. v Friedlander,* 100 AD2d 871.) III. The consent and waiver forms do not preclude the City from determining whether Bankers Trust overpaid its tax before issuing it a refund.

*Eliot Spitzer, Attorney General,* New York City (*Caitlin J. Halligan, Michelle Aronowitz, Andrew D. Bing* and *Patrick J. Walsh* of counsel), for State of New York, amicus curiae. The Appellate Division correctly held that the City did not violate the prohibition against changing the taxpayer's "allocation of income or capital" because the prohibition refers to a taxpayer's allocation percentage only. (*Matter of Siemens Corp. v Tax Appeals Trib.,* 89 NY2d 1020; *Matter of American Tel. & Tel. Co. v State Tax Commn.,* 61 NY2d 393; *Lorillard Tobacco Co. v Roth,* 99 NY2d 316; *People ex rel. International Salt Co. v Graves,* 267 NY 149.)

### OPINION OF THE COURT

G.B. Smith, J.

In this action, the New York City Department of Finance denied a tax refund to plaintiff, Bankers Trust Corporation, based upon certain adjustments it made to plaintiff's reported income. The Appellate Division agreed with the trial court that the doctrine of exhaustion of administrative remedies was inapplicable but reversed on the merits, concluding that the City had properly denied the refund. We conclude that Administrative Code of the City of New York § 11-681 (2), providing for review by the Tax Appeals Tribunal, was plaintiff's exclusive remedy and we accordingly modify the order of the Appellate Division.

### I.

At the time of this action, Bankers Trust was a bank holding company with headquarters in New York City and more than

800 subsidiaries and affiliates across the United States and worldwide. It paid state and city taxes for income derived from doing business in both.

The calculation of state and city taxes owed begins with and is based upon "entire net income," which is generally defined as income reported to the federal government (Tax Law § 1453 [a]; Administrative Code of City of NY § 11-641 [a]). In 1985, the state and city tax laws were amended to permit "a deduction in determining entire net income" of "seventeen percent of interest income from subsidiary capital" (Tax Law § 1453 [e] [11] [1]; Administrative Code § 11-641 [e] [11] [i]). A subsidiary is defined as a corporation in which the taxpayer owns over 50% of the voting shares (Tax Law § 1450 [d]; Administrative Code § 11-602 [2]). Bankers Trust claimed a deduction for the years 1986 and 1987.[1]

In 1992, the State and City, after audits, disallowed the deduction to the extent it applied to interest income from second- or lower-tier subsidiaries. As the name suggests, a second-tier subsidiary is owned by a subsidiary in which the taxpayer owns over 50% of the voting stock. A third-tier subsidiary would be owned by the second-tier subsidiary and so on. After the disallowance, Bankers Trust signed a consent and waiver form with the City, agreeing to a deficiency for the years 1985, 1986 and 1987, and paying the amount. The agreement provided that it did not preclude Bankers Trust from filing a claim contesting the assessment and seeking a refund. The State entered into a similar agreement covering the same years and in April 1997, the City and Bankers Trust again entered into a similar agreement covering the year 1993.

In May 1993, in a different case, the New York State Tax Appeals Tribunal affirmed a determination of an administrative law judge (ALJ), holding that interest income from a second-tier subsidiary is deductible "where a corporation controls all aspects of a second tier subsidiary's operation and management" (*Matter of Racal Corp.*, 1993 WL 181623, *8, 1993 NY

---

1. In 1986, Bankers Trust's entire net income was $351,273,989. With the 17% deduction Bankers Trust claimed for that year in its state and city tax forms, entire net income was reduced to $326,948,726. The portion of that income derived from business done within the city, or the allocation percentage, was 58.1232%. Multiplying the adjusted net income by the allocation percentage yields $190,033,062. Multiplying this number by the tax rate of nine percent yields a tax of $17,102,976. Since Bankers Trust paid $18,375,451, it claimed it was owed $1,272,475. The following year, Bankers Trust again claimed the deduction.

Tax LEXIS 208, *23 [DTA No. 807631, TSB-D-93(5)C]). Several months later, Bankers Trust filed claims for refunds with the State Department of Taxation and Finance, seeking the 17% deduction for the year 1985. In March 1996, the Tax Appeals Tribunal affirmed an ALJ's determination that Bankers Trust failed to offer sufficient proof that it fully controlled all aspects of the second-tier subsidiaries at issue. Nevertheless, the next year, August 1997, Bankers Trust and the State entered into a closing agreement in which the State essentially agreed to withdraw and cancel notices of deficiency under the franchise tax on banking corporations (Tax Law art 32) for the years 1986 through 1994.

Bankers Trust then filed a claim with the City reporting the terms of the agreement with the State, pursuant to Administrative Code § 11-646 (e), and seeking a refund for the years 1986, 1987 and 1993, of approximately $1.2 million, $1.3 million, and $3.8 million, respectively. The City disallowed the refunds, thus giving rise to this action.

The threshold issue is whether plaintiff is excused from having to exhaust its exclusive statutory remedy, which for us is determinative.

## II.

During the initial audits, the City had allowed Bankers Trust deductions for home office and foreign branch administrative expenses associated with the second-tier subsidiaries. After the changes by the State were reported, however, the City disallowed those deductions pursuant to Internal Revenue Code (26 USC) § 482 (dealing with the prevention of tax evasion) on the ground that since Bankers Trust fully controlled the second-tier subsidiaries, those expenses should be deductible by the subsidiaries for the management services provided to them by Bankers Trust.[2]

Bypassing its exclusive administrative remedy, Bankers Trust commenced a declaratory judgment action in the Supreme Court seeking a refund for the years 1986, 1987 and 1993, arguing that the City should have conformed its city taxable income in

2. As a result of the "[a]lllocated expenses," as the City put it in its notice, Bankers Trust's entire net income for 1986 was $415,092,737. Multiplying that number by 58.1232% (the allocation percentage) yields $241,265,182. The tax (of nine percent) due on that amount is $21,713,866, which is more than the $18,375,451 Bankers Trust paid for that year. The same is the case for the years 1987 and 1993.

accordance with the changes made by the State and should have allowed the deductions without analyzing any other issues. Following plaintiff's motion for summary judgment, Supreme Court agreed with Bankers Trust that it was not required to exhaust administrative remedies because the issue was the interpretation and application of statutes that did not involve the special expertise of the relevant agencies, and the exhaustion of administrative remedies would cause irreparable harm.

On the merits, Bankers Trust relied on Administrative Code § 11-678 (3), which governs a taxpayer's claim for a refund after a change by the state or federal government. The section provides that the claim must be filed "within two years from the time such report or amended return was required to be filed with the commissioner of finance." (*Id.* ¶ [b].) In addition, the statute provides that the refund

> "(c) shall be computed without change of the allocation of income or capital upon which the taxpayer's return (or any additional assessment) was based, and

> "(d) shall not exceed the amount of the reduction in tax attributable to such decrease or increase in federal or New York state taxable income, alternative minimum taxable income or other basis of tax or federal or New York state tax or to such federal or New York state change or correction or renegotiation, or computation or recomputation of tax" (Administrative Code § 11-678 [3] [c], [d]).

The mirror image of this rule is section 11-674 (3) (c), (g), which governs the City's assessment as a result of a change by the state or the federal government. Between these two sections is section 11-677 (1), which provides that:

> "The commissioner of finance, within the applicable period of limitations, may credit an overpayment of tax and interest on such overpayment against any liability in respect of any tax imposed by any of the named subchapters of this chapter or on the taxpayer who made the overpayment, and the balance shall be refunded out of the proceeds of the tax."

Supreme Court agreed with Bankers Trust that the City reallocated Bankers Trust's income when it reaudited the returns. The court rejected the City's claim that the reaudit was lawful under section 11-677 (1) since the City was bound to determine

whether Bankers Trust had actually overpaid taxes for the relevant years before issuing any refund. The court thus granted Bankers Trust's motion for summary judgment.

On appeal, the Appellate Division agreed with Supreme Court on the procedural issue, but reversed on the merits. On exhaustion of administrative remedies, the Court found that Bankers Trust's challenge involved statutory interpretation and was "based on the general nature of the adjustments, and does not require us to determine their accuracy by delving into the underlying facts or computations on which they were based." (301 AD2d 321, 328 [2002].) On the merits, the Court disagreed with the motion court that there had been a change in the allocation of income. The Court found that the phrase "allocation of income" referred to "allocation percentage." While the City had shifted income from the subsidiaries to Bankers Trust, there had been no change in the allocation percentage. The court also agreed with the City that it had to determine whether Bankers Trust had overpaid taxes before issuing a refund.

We conclude that plaintiff failed to utilize its exclusive administrative remedy, and we do not address the merits.

### III.

Actions by taxing officers can be reviewed only in the manner prescribed by statute (*National Bank of Chemung v City of Elmira*, 53 NY 49, 59 [1873]; *Dun & Bradstreet v City of New York*, 276 NY 198 [1937]; *Matter of First Natl. City Bank v City of N.Y. Fin. Admin.*, 36 NY2d 87 [1975]). In this case, Administrative Code § 11-681 (2) provides as follows:

> "The review of a decision of the tax appeals tribunal provided by this section shall be the exclusive remedy available to any taxpayer for the judicial determination of the liability of the taxpayer for the taxes imposed by the named subchapters."

There are two exceptions to the exclusive remedy requirement: "[w]hen a tax statute . . . is alleged to be unconstitutional, by its terms or application, or where the statute is attacked as wholly inapplicable" (*First Natl. City Bank*, 36 NY2d at 92; *Richfield Oil Corp. of N.Y. v City of Syracuse*, 287 NY 234, 239 [1942]). In these two circumstances, "the invalidity or total inapplicability affects the entire statute, including the limitations and restrictions on the remedy provided in it" (*First Natl. City Bank*, 36 NY2d at 92-93).

To challenge a statute as wholly inapplicable, the taxpayer must allege that the agency had no jurisdiction over it or the matter that was taxed. As we stated in *National Bank of Chemung*, "[a]ssessors must have jurisdiction over the person and subject-matter. The person must be an inhabitant of the town, and the property must be taxable. Otherwise, the assessment is illegal and void" (53 NY at 59). In *National Bank of Chemung*, the assessors had imposed a tax on the capital stock of the bank in direct violation of a statute providing that such property was not taxable. In *Dun & Bradstreet*, the City of New York had the authority to impose a tax on certain public utility companies and on the sale of tangible personal property. Since the plaintiff was not a public utility company and did not sell tangible personal property, the City acted without jurisdiction (*see also Richfield Oil Corp. of N.Y. v City of Syracuse*, 287 NY 234 [1942]; *Socony-Vacuum Oil Co. v City of New York*, 247 App Div 163 [1936], *affd* 272 NY 668 [1936]).

Where the statute at issue in a dispute does not provide how judicial review may be obtained, resort must be made to the judicially-created rule that administrative remedies must be exhausted. The judicial doctrine of exhaustion of remedies is subject to exceptions not available when the statute has an exclusive remedy provision. The exceptions include when exhaustion of administrative remedies would be futile or would cause irreparable harm (*Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978]). Courts lack the discretion to rely on these exceptions where the Legislature itself has specifically delineated the exclusive steps a party must undertake in order to seek judicial relief.

Here, the statute includes an exclusive remedy provision. Yet neither the motion court nor the Appellate Division determined that the statute was unconstitutional or wholly inapplicable. It is true that in its complaint, Bankers Trust argued that the City acted "wholly beyond the [City's] authority." However, the proper characterization of Bankers Trust's argument is that the Department improperly applied the relevant statute in computing a refund. Bankers Trust also argued that it would incur irreparable harm. Bankers Trust, however, did not dispute that it was subject to the tax on banking corporations, and that the City had the authority to audit the refund claims. The argument that the City misapplied a certain provision in calculating a refund is not the same as arguing that the banking corporation tax is wholly inapplicable to Bankers Trust.

In determining that the plaintiff was not required to exhaust its exclusive statutory remedy, the Appellate Division relied on *Watergate II Apts.*, a case involving the judicially-created exhaustion of remedies doctrine—not, as here, the statutory exclusive remedy provision. In *Watergate*, moreover, the plaintiff there argued that sewer rent charges imposed by the Buffalo Sewer Authority were actually taxes, and that the Authority lacked the power to impose taxes. The argument that the Authority lacked the power to impose the charges would have made the statute wholly inapplicable. Bankers Trust did not make a similar argument here.

Accordingly, the order of the Appellate Division should be modified, with costs to defendants, by deleting the declaration in favor of defendants and substituting a provision dismissing the complaint, and, as so modified, affirmed.

Chief Judge KAYE and Judges CIPARICK, ROSENBLATT, GRAFFEO and READ concur.

Order modified, etc.