■ EL PASO CORPORATION et al., Appellants, v NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE et al., Respondents. [828 NYS2d 209]—

In an action, inter alia, for a judgment declaring that the defendants exceeded their authority in assessing a real estate transfer tax on certain transfers of property, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Bellantoni, J.), entered April 12, 2005, as granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) to dismiss the first and second causes of action of the complaint, and denied, as academic, those branches of their cross motion which for summary judgment on those causes of action.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was to dismiss the first cause of action, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, upon searching the record, the defendants are awarded summary judgment on the plaintiff's first cause of action, and the matter is remitted to the Supreme Court, Westchester County, for the entry of judgment declaring that the subject easements constitute interests in real property subject to the jurisdiction of the New York State Department of Taxation and Finance for purposes of assessment of the New York real estate transfer tax.

Through a series of corporate transactions, the plaintiffs came into ownership of two natural gas pipelines within the State of New York, together with the easements in which those pipelines are located. The defendant New York State Department of Taxation and Finance (hereinafter the Department) determined that the acquisition of the easements was subject to the real estate transfer tax (Tax Law § 1400 *et seq.*), and notified the plaintiffs accordingly. In response, the plaintiffs commenced this action for a declaratory judgment.

The real estate transfer tax is imposed on any "conveyance of real property or interest therein" (Tax Law § 1402 [a]). There is no dispute that the transactions by which the plaintiffs came into ownership of the easements constituted conveyances within the meaning of the taxing statute (*see* Tax Law § 1401 [e]). The issues presented are whether the Department's determination to impose the tax may be adjudicated in this action and, if so, whether the easements constitute real property subject to such taxation. We conclude that the plaintiffs' claim that the easements are not subject to the real estate transfer tax is properly raised by this action, but that claim is incorrect as a matter of law, and that the plaintiffs' remaining claims are not properly presented here.

Actions by taxing officers may be reviewed only in the manner prescribed by statute (*see Bankers Trust Corp. v New York City Dept. of Fin.*, 1 NY3d 315, 321 [2003]). The relevant statutes provide that the Department's determinations with respect to imposition of the real estate transfer tax are subject to judicial review in a proceeding pursuant to CPLR article 78 only after the Department's appeals process is exhausted (*see* Tax Law §§ 1411, 1413, 2016). Nevertheless, even where a tax statute imposes such requirements, a court may entertain an action for a declaratory judgment where the tax statute is alleged to be

unconstitutional or is challenged as "wholly inapplicable" (*Bankers Trust Corp. v New York City Dept. of Fin., supra* at 321, quoting *Matter of First Natl. City Bank v City of N.Y. Fin. Admin.*, 36 NY2d 87, 92 [1975]; *see Slater v Gallman*, 38 NY2d 1 [1975]).

"To challenge a statute as wholly inapplicable, the taxpayer must allege that the agency had no jurisdiction over it or the matter that was taxed" (*Bankers Trust Corp. v New York City Dept. of Fin., supra* at 322; *see National Bank of Chemung v City of Elmira*, 53 NY 49, 59 [1873]; *Debevoise & Plimpton v New York State Dept. of Taxation & Fin.*, 149 Misc 2d 571 [1991], *affd* 183 AD2d 521 [1992], *affd* 80 NY2d 657 [1993]). The plaintiffs' argument that the easements do not constitute an interest in real property within the meaning of the statute is such a claim and, therefore, this declaratory judgment action for a determination of that claim is proper (*see Bankers Trust Corp. v New York City Dept. of Fin., supra* at 322; *Debevoise & Plimpton v New York State Dept. of Taxation & Fin., supra* at 574).

Accordingly, the Supreme Court should not have dismissed the plaintiffs' first cause of action but, rather, should have determined the plaintiffs' cross motion for summary judgment on that cause of action on the merits. However, on the merits, that branch of the plaintiffs' cross motion which was for summary judgment on the first cause of action should have been denied. Further, upon searching the record, we award summary judgment in favor of the defendants on that cause of action.

The statute does not identify an easement, as such, as a taxable interest in real property. Rather, the statute defines real property as "every estate or right, legal or equitable, present or future, vested or contingent, in lands, tenements or hereditaments, including buildings, structures and other improvements thereon which are located in whole or in part within the state of New York" (Tax Law § 1401 [c]). The statute further provides that an "[i]nterest in the real property" includes "title in fee, a leasehold interest, a beneficial interest, an encumbrance, development rights, air space and air rights, or any other interest with the right to use or occupancy of real property" (Tax Law § 1401 [f]). The easements at issue quite clearly provide the grantee with the right to use the property for the purpose of constructing a pipeline, and thus constitute an interest in real property within the meaning of the statute.

The plaintiffs' argument that the easements are not subject to the real estate transfer tax because they are in gross, rather than appurtenant, does not alter this conclusion. Although the

plaintiffs correctly characterize the easements as being in gross (*see Antonopulos v Postal Tel. Cable Co.*, 261 App Div 564, 568-569 [1941], *affd* 287 NY 712 [1942]), the easements nevertheless create a right to use the real property they burden and thus constitute an interest in real property for purposes of the real estate transfer tax.

The plaintiffs' remaining contentions relate to the possible application to the taxation of the easements in issue of the "integrated plant theory" and the doctrine of equitable conversion. These arguments involve the proper application of the real estate transfer tax statute to persons and property within the jurisdiction of the Department pursuant to the statute. As such, they are subject to review by the Department in the first instance (*see Bankers Trust Corp. v New York City Dept. of Fin.*, *supra* at 322; *Matter of 550 Cent. Ave. Deli Corp. v Commissioner of Taxation & Fin.*, 188 AD2d 845). Therefore, that branch of the defendants' motion which was to dismiss the plaintiffs' second cause of action was properly granted due to the plaintiffs' failure to exhaust their administrative remedies, and that branch of the plaintiffs' cross motion which was for summary judgment on their second cause of action was properly denied as academic.

Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Westchester County, for the entry of a judgment declaring that the subject easements constitute interests in real property subject to the jurisdiction of the Department for purposes of assessment of the New York real estate transfer tax (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *cert denied* 371 US 901 [1962]). Crane, J.P., Spolzino, Krausman and Goldstein, JJ., concur.