■ Robert Ryan, Appellant, v New York State Department of Taxation and Finance, Respondent. [880 NYS2d 520]—

In an action, inter alia, for a judgment declaring a tax assessment null and void, the plaintiff appeals from an order of the Supreme Court, Rockland County (Weiner, J.), dated December 3, 2007, which granted the defendant's motion pursuant to CPLR 3211 (a) to dismiss the complaint for failure to exhaust administrative remedies.

Ordered that the order is affirmed, with costs.

On September 22, 1997 the defendant New York State Department of Taxation and Finance sent a notice of determination to the plaintiff stating that it was assessing against him, as an "Officer/Responsible Person" of nonparty 27 West 20th Street Corporation, certain unpaid corporate sales and use taxes. On November 29, 2006 the plaintiff commenced this action seeking, inter alia, a judgment declaring the assessment null and void. The Supreme Court granted the motion to dismiss the action

because the plaintiff failed to exhaust his available administrative remedies. We affirm.

"Actions by taxing officers can be reviewed only in the manner prescribed by statute" (*Bankers Trust Corp. v New York City Dept. of Fin.*, 1 NY3d 315, 321 [2003]; *see El Paso Corp. v New York State Dept. of Taxation & Fin.*, 36 AD3d 655, 656 [2007]). Here, the plaintiff failed to exhaust the exclusive statutory remedies provided in the Tax Law (*see* Tax Law § 170 [3-a] [a]; § 1138 [a] [1]; § 1139 [c]; §§ 1140, 2016), and failed to establish that an exception to the exhaustion of administrative remedies doctrine was applicable (*see* Tax Law § 1140; *Bankers Trust Corp. v New York City Dept. of Fin.*, 1 NY3d at 321-322; *El Paso Corp. v New York State Dept. of Taxation & Fin.*, 36 AD3d at 658).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Rivera, J.P., Dillon, Belen and Hall, JJ., concur.