■ ANTHONY JACONO, Appellant, v DEPARTMENT OF TAXATION AND FINANCE OF STATE OF NEW YORK, Respondent. [914 NYS2d 911]—

In an action, inter alia, for a judgment declaring that the defendant is without power to levy upon the plaintiff's property or income and that the defendant's assessments, warrants, and levies are invalid and unenforceable, the plaintiff appeals, as

limited by his brief, from so much of an order of the Supreme Court, Queens County (Elliot, J.), entered June 8, 2009, as granted that branch of the defendant's motion which was to dismiss the complaint for failure to exhaust exclusive administrative and statutory remedies.

Ordered that the order is affirmed insofar as appealed from, with costs.

Beginning in 1982, the New York State Department of Taxation and Finance (hereinafter the Department) issued six notices of determination of a tax assessment (hereinafter the assessments) to the plaintiff, informing him that he personally owed sales taxes in his capacity as a responsible person (*see* Tax Law § 1131 [1]; § 1133 [a]) on behalf of nonparty AN-PHIL Service Center, Inc. The plaintiff challenged four of the assessments before the Department's Division of Tax Appeals, and entered into a stipulation of discontinuance with respect to the proceedings in September 1989, agreeing that he owed taxes in excess of $62,000, plus penalties and interest. Based on the six assessments, the Department filed two tax warrants in 1983 and 1991, respectively, and issued two tax levies against the plaintiff's bank accounts in June 2006 and November 2007, respectively.

The plaintiff commenced this action in 2008, seeking, inter alia, a judgment declaring that the Department was without power to levy upon his property or income, and that the Department's assessments, warrants, and levies were invalid and unenforceable. The Supreme Court granted that branch of the Department's motion which was to dismiss the complaint on the ground that the plaintiff failed to exhaust exclusive administrative and statutory remedies. We affirm.

"Actions by taxing officers can be reviewed only in the manner prescribed by statute" (*Bankers Trust Corp. v New York City Dept. of Fin.*, 1 NY3d 315, 321 [2003]; *see Ryan v New York State Dept. of Taxation & Fin.*, 63 AD3d 816, 817 [2009]). As the plaintiff did not exhaust his exclusive administrative and statutory remedies (*see* Tax Law § 1138 [a] [1], [4]; §§ 1140, 2016), he had to establish that one of the exceptions to the exclusive remedy requirement was applicable in order to maintain a declaratory judgment action (*see Bankers Trust Corp. v New York City Dept. of Fin.*, 1 NY3d at 321; *El Paso Corp. v New York State Dept. of Taxation & Fin.*, 36 AD3d 655, 656-657 [2007]). He failed to do so (*see Bankers Trust Corp. v New York City Dept. of Fin.*, 1 NY3d at 322; *Reader's Digest Assn. v Friedlander*, 100 AD2d 871, 872 [1984]; *see also Kallenberg Meat Prods. v O'Cleireacain*, 209 AD2d 381, 382 [1994]; *Allstate*

*Ins. Co. v Tax Commn. of State of N.Y.*, 115 AD2d 831, 834 [1985], *affd* 67 NY2d 999 [1986]; *cf. Dun & Bradstreet, Inc. v City of New York*, 276 NY 198, 206 [1937]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, the Supreme Court properly granted that branch of the Department's motion which was to dismiss the complaint on the ground that the plaintiff failed to exhaust exclusive administrative and statutory remedies. Dillon, J.P., Balkin, Leventhal and Chambers, JJ., concur.