*406 Order and judgment (one paper), Supreme Court, New York County (Jane S. Solomon, J.), entered November 1, 2011, granting the petition to the extent it sought an order directing respondent, under the Freedom of Information Law (Public Officers Law § 84 et seq.) (FOIL), to provide an electronic copy of a database, as redacted, of names and addresses of New York City residents who have been granted handgun licenses, and a database, to be redacted, of hate crimes reported to respondent from January 1, 2005 to the present, and denying the petition to the extent it sought an order directing respondent to provide an electronic copy of its crime incident database, a declaration that respondent’s practices in responding to FOIL requests violate the statute, and an order directing respondent to cease these practices, unanimously modified, on the law, to deny the petition as to the databases of handgun licensees and hate crimes and to reinstate the petition with respect to the demand for the crime incident database, insofar as it seeks production of the electronic crime incident database produced in Floyd v City of New York (2008 WL 4179210, 2008 US Dist LEXIS 68798 [SD NY, Sept. 10, 2008, No. 08 Civ 01034 (SAS)]) (the Floyd database), and the matter remitted to Supreme Court for a determination of whether production of the Floyd database should be ordered, and, if so, to what extent and under what conditions, and otherwise affirmed, without costs.
The court correctly declined to declare that respondent’s responses to FOIL requests and rulings on administrative appeals are as a matter of practice untimely and to order respondent to cease this practice. The FOIL requester’s statutory remedy for an untimely response or ruling is to deem the response a denial and commence a CPLR article 78 proceeding “for review of such denial” (Public Officers Law § 89 [4] [a], [b]; Matter of Miller v New York State Dept, of Transp., 58 AD3d 981, 983 [3d Dept 2009], lv denied 12 NY3d 712 [2009]). Review of a FOIL determination does not provide for mandamus relief (see Matter of Harvey v Hynes, 174 Misc 2d 174, 177 [Sup Ct, Kings County 1997]).
We note that, contrary to the court’s interpretation, Public Officers Law § 89 (3) does not require either a grant or a denial of a FOIL request within 20 days of the five-day “acknowledg *407 merit” notice. The 20-day period is triggered only when “[the] agency determines to grant a request in whole or in part, and [when] circumstances prevent disclosure . . . within twenty business days from the date of the acknowledgment of the receipt of the request” (id.). Indeed, Public Officers Law § 89 (3) mandates no time period for denying or granting a FOIL request, and rules and regulations purporting to establish an absolute time period have been held invalid on the ground that they were inconsistent with the statute (see e.g. Matter of Legal Aid Socy. v New York City Police Dept., 274 AD2d 207, 215 [1st Dept 2000], lv dismissed in part, denied in part 95 NY2d 956 [2000]).
Petitioners’ reliance on CPLR 3001 is similarly unavailing. If, as petitioners assert, “[n]othing about the declaratory and mandamus relief sought by [them] touches on the sole relief that the Petition sought in respect to the four individual [FOIL] requests,” then there is no “justiciable controversy” within the meaning of CPLR 3001. Moreover, to the extent petitioners seek hybrid FOIL and declaratory relief, they were required to serve a summons in addition to the notice of petition, and a combined petition/complaint (see Matter of Newton v Town of Middletown, 31 AD3d 1004, 1005 [3d Dept 2006]).
The court erred in ordering respondent to release the home addresses of handgun licensees in electronic form. The fact that Penal Law § 400.00 (5) makes the name and address of a handgun license holder “a public record” is not dispositive of whether respondent can assert the privacy and safety exemptions to FOIL disclosure, especially when petitioners seek the names and addresses in electronic form (see Matter of New York State Rifle & Pistol Assn., Inc. v Kelly, 55 AD3d 222, 226 [1st Dept 2008]). In addition, “[disclosing a person’s home address implicates a heightened privacy concern” (Matter of New York State United Teachers v Brighter Choice Charter School, 64 AD3d 1130, 1132 [3d Dept 2009], citing, inter alia, Public Officers Law § 89 [7], revd on other grounds 15 NY3d 560 [2010]).
Furthermore, respondent submitted a deputy inspector’s affidavit, which petitioners failed to controvert, detailing its privacy and safety concerns implicated by disclosure of the addresses in electronic form. At a minimum, the affidavit demonstrated “a possibility of endanger[ment]” sufficient to invoke the exemption set forth in Public Officers Law § 87 (2) (f) (see Matter of Ruberti, Girvin & Ferlazzo v New York State Div. of State Police, 218 AD2d 494, 499 [3d Dept 1996] [internal quotation marks omitted]).
Nor, since the zip codes of the license holders were disclosed, *408 would the additional disclosure of their exact street addresses appear “to further the policies of FOIL, which are to assist the public in formulating intelligent, informed choices with respect to both the direction and scope of governmental activities” (New York State United Teachers, 15 NY3d at 564-565 [internal quotation marks omitted]).
Similarly, FOIL does not require disclosure of the home addresses of hate crime victims, even redacted as the court instructed (see Public Officers Law § 87 [2] [b]). Even the partial disclosure of an address can reveal the identity of a victim, if, for example, he or she resides in a single family house or is the only member of a particular minority group who resides in a small apartment building. Moreover, respondent’s expert’s testimony regarding the sensitivity of hate crime victims and their frequent desire to remain private about the incidents was not controverted.
The court erred when it declined to order respondent to produce to petitioners the Floyd database on the grounds that petitioners had not exhausted their administrative remedies with respect to those records and that the futility exception to the exhaustion of administrative remedies doctrine did not apply to FOIL.
Petitioners’ administrative remedies were exhausted when respondent constructively denied their timely internal appeal of the denial of their request for the crime incident database by failing to respond to the appeal within the statutorily mandated 10-day period (Public Officers Law § 89 [4] [a]; see also Council of Regulated Adult Liq. Licensees v City of N.Y. Police Dept., 300 AD2d 17, 18-19 [1st Dept 2002]). Petitioners then exercised their statutory remedy by bringing this proceeding for review of the denial under CPLR article 78, and, after learning of its existence, narrowed their request to the Floyd database, which contained 12 of the 16 data fields petitioners had originally requested (see Matter of Williams v Erie County Dist. Attorney, 255 AD2d 863, 864 [4th Dept 1998]).
Even if the request for the Floyd database is deemed a new request, certain exceptions exist by which a petitioner can bypass the available administrative remedies, such as where the administrative remedies would either be futile or cause irreparable injury (Watergate II Apts, v Buffalo Sewer Auth., 46 NY2d 52, 57 [1978]). Here, respondent made clear that it would not grant petitioners’ request for the Floyd database and any further attempt at internal administrative review would be futile (see Matter of Counties of Warren & Washington, Indus. Dev. Agency v Village of Hudson Falls Bd. of Health, 168 AD2d 847, 848 [3d Dept 1990]; Fileccia v City of New York, 2011 NY Slip *409 Op 32156[U] [Sup Ct, NY County 2011]; Wasserman Grubin & Rogers, LLP v New York City Dept, of Educ., 2009 NY Slip Op 31797[U] [2009] [Sup Ct, New York County 2009]).
Citing Bankers Trust Corp. v New York City Dept, of Fin. (1 NY3d 315 [2003]), the court incorrectly held that the futility exception to the exhaustion of administrative remedies doctrine does not apply because FOIL establishes an exclusive remedy (Public Officers Law § 89 [4] [b]). In Bankers Trust, the plaintiff sought a declaratory judgment that it was entitled to a tax refund. The applicable statute was Administrative Code of City of NY § 11-681 (2), which provides: “2. Judicial review exclusive remedy. The review of a decision of the tax appeals tribunal provided by this section shall be the exclusive remedy available to any taxpayer for the judicial determination of the liability of the taxpayer for the taxes imposed by the named subchapters.”
The Court of Appeals held that because review of a decision of the Tax Appeals Tribunal was plaintiffs statutory exclusive remedy, the courts did not have jurisdiction to hear the bank’s declaratory judgment action. Unlike the tax statute at issue in Bankers Trust, FOIL does not contain an express provision that judicial review of a final administrative determination is a party’s “exclusive remedy” for an allegedly erroneous administrative rejection of a request for information under the statute. Accordingly, in the context of FOIL, a futility exception exists to “the judicially-created rule that administrative remedies must be exhausted” (Bankers Trust, 1 NY3d at 322) before judicial review may be obtained. Since, as previously discussed, petitioners have established that exhaustion of administrative remedies concerning their request for the Floyd database would be futile, petitioners’ failure to exhaust administrative remedies does not bar the petition to require production of the Floyd database pursuant to FOIL.
However, the Floyd database was produced in an unrelated federal action, governed by very different standards from those that govern public access to records under FOIL (see Svaigsen v City of New York, 203 AD2d 32 [1st Dept 1994]). Further, the database was produced pursuant to strict confidentiality requirements, which indicates that disclosure to the general public would, at a minimum, raise serious confidentiality and privacy concerns. Accordingly, we remand to Supreme Court to determine whether the Floyd database should be released, and if so, under what conditions. Concur—Andrias, J.E, Friedman, Moskowitz and Renwick, JJ. [Prior Case History: 2011 NY Slip Op 32857(U).]