Nasca v Manion (2023 NY Slip Op 04672)

Nasca v Manion

2023 NY Slip Op 04672

Decided on September 20, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 20, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
BARRY E. WARHIT, JJ.

2021-03691
 (Index No. 612366/20)

[*1]Dean Nasca, appellant, 
v
Nonie Manion, etc., et al., respondents.

Dean Nasca, Bayport, NY, appellant pro se.
Letitia James, Attorney General, New York, NY (Ester Murdukhayeva and David Lawrence III of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, for declaratory relief, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated April 6, 2021. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff filed his 2016 state income tax return, expecting a refund of $3,063. Thereafter, the New York State Department of Taxation and Finance (hereinafter the Department) issued the plaintiff a notice requesting documentation supporting his claimed deductions and stating that his failure to respond would result in him not receiving his refund. The plaintiff requested a conciliation conference, which resulted in the conferee agreeing with the plaintiff that he was entitled to the $3,063 refund. After not receiving the refund, the plaintiff commenced this action, inter alia, for a judgment declaring that the Department's practice of withholding a taxpayer's tax refund unless the taxpayer submits to an absentee audit without oversight is unconstitutional. Thereafter, the Department took the remedial action of issuing the plaintiff a refund payment of $3,063 with interest. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint, arguing, among other things, that the action is academic because the plaintiff received his refund with interest, and that he failed to exhaust his available administrative remedies. The Supreme Court granted the motion. The plaintiff appeals.
"Actions by taxing officers can be reviewed only in the manner prescribed by statute" (Bankers Trust Corp. v New York City Dept. of Fin., 1 NY3d 315, 321; see Jacono v Department [*2]of Taxation & Fin. of State of N.Y., 80 AD3d 663, 664; Ryan v New York State Dept. of Taxation & Fin., 63 AD3d 816, 817; El Paso Corp. v New York State Dept. of Taxation & Fin., 36 AD3d 655, 656). Here, not only did the plaintiff fail to establish an exception to the mootness doctrine by showing that the issues raised typically evade review or are substantial and novel (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715; Ryan, Inc. v New York State Dept. of Taxation & Fin., 83 AD3d 482, 483), but the plaintiff also failed to exhaust the exclusive statutory remedies provided in the Tax Law (see Tax Law §§ 690[a], [b]; 2016; CPLR 506[b][2]; 20 NYCRR 3000.20) and failed to establish that an exception to the exhaustion of administrative remedies doctrine was applicable (see Bankers Trust Corp. v New York City Dept. of Fin., 1 NY3d at 321-322; El Paso Corp. v New York State Dept. of Taxation & Fin., 36 AD3d at 658).
The parties' remaining contentions need not be reached in light of our determination.
Accordingly, the Supreme Court properly granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
DILLON, J.P., CHAMBERS, MALTESE and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court